In Equity.

## LUCY C. FARNSWORTH, Admx.,

*vs.*

## GEORGE F. WHITING, ISABELLA A. MARTIN AND DAVID N. MORTLAND.

SAME

*vs.*

## GEORGE F. WHITING, ISABELLA A. MARTIN, DAVID N. MORTLAND AND SECURITY TRUST COMPANY.

Knox.    Opinion March 1, 1910.

*Equity. Appeal. Decree. Gifts Causa Mortis. Equity Cases. Right to Jury Trial. Verdict on Issues in Equity Cases. Constitution of Maine, Article I, section 20.*

A decree in equity will be affirmed on appeal, unless it is shown to be clearly wrong.

To establish a gift causa mortis the law requires clear and unmistakable proof, not only of an intention to give, but of an actual gift, perfected by as complete a delivery as the nature of the property will admit — a delivery actual and complete, such as deprives the donor of all further control and dominion.

The provision of the Constitution, Article I, section 20, that in all civil suits and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced, is a declaration of the common law right to trial by jury and in no way inconsistent with the establishment of a court of chancery having general jurisdiction, as it was at the time of the adoption of the Constitution and proceeding in accordance with its fundamental rules of practice as then existing.

A bill in equity for restitution of bonds and stock certificates and of a key to a box in a safe deposit vault is within the chancery jurisdiction as it existed at the time of the adoption of the Constitution, and in such cases the defendant does not have a constitutional right to trial by jury. Such trial can be had only at the discretion of the court.

The verdict of a jury upon an issue framed in equity, when a jury trial is not a constitutional right, is merely advisory and, if it be not satisfactory to the conscience of the court, it is discretionary with the court either to disregard the verdict wholly or to set it aside and order a new trial.

*Larrabee* v. *Hascall*, 88 Maine, 511, reaffirmed in part.

In equity. On appeal, exceptions and motion by plaintiff. In first case, decree affirmed. In second case, verdict set aside and decree reversed in part.

Two bills in equity in the nature of equitable replevin, brought by the plaintiff in her capacity as administratrix, with the will annexed, of the estate of James R. Farnsworth, deceased, to compel the defendants to return to her as administratrix aforesaid, certain notes, bonds, etc., alleged to belong to said James R. Farnsworth, and to deliver to her in her said capacity the keys to a certain safe-deposit box rented by the said Security Trust Company to the said James R. Farnsworth, etc. (For a more full and complete statement of the facts see *Farnsworth, Admx.*, v. *Whiting et als.*, 104 Maine, 488.) The defense in the answers to both bills was a claim of title in the defendants Whiting and Martin by reason of a gift causa mortis to them by said deceased, James R. Farnsworth.

Both causes were tried together and in the first entitled cause the following issues were submitted to the jury :

1. "Did the said James R. Farnsworth, on the sixth day of May, A. D. 1905, or at any time, give to George F. Whiting the personal property enumerated and described in paragraph 3 of plaintiff's bill, to be equally divided as stated in defendants' answer thereto ?

2. "Did the defendants, Whiting and Martin, take or sequester any of said property or effects belonging to the estate of said James R. Farnsworth ?"

The jury answered the first question in the affirmative and the second question in the negative.

In the second entitled cause the following issues were submitted to the jury :

1. "Did the said James R. Farnsworth on the sixth day of May, A. D. 1905, or at any time before his death, give to the said George F. Whiting the personal property and securities mentioned

in paragraph 4 of plaintiff's bill, marked and described therein as "Schedule A," in box No. 41 in the vault of the Security Trust Company in Rockland, to be equally divided as stated in defendant's answer to said paragraph?

2. "Do the property and securities mentioned in plaintiff's bill, paragraph 4, marked and described as "Schedule B," belong to the estate of said Helen A. Farnsworth, deceased?"

The jury answered both questions in the affirmative.

Final decrees were made by the presiding Justice in accordance with the findings of the jury.

In each cause, the plaintiff filed a general motion for a new trial and appealed from the decree and also excepted to certain rulings made during the trial.

The cases are further stated in the opinion.

*Heath & Andrews,* for plaintiff.

*David N. Mortland, Rodney I. Thompson, and Arthur S. Littlefield,* for defendants.

SITTING :　WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

BIRD, J.　Two bills in equity brought by complainant, in her capacity of administratrix with the will annexed of the estate of James R. Farnsworth, deceased, against the same defendants, save that in the second case the Security Trust Company is also made a defendant.　The relief sought is in the nature of equitable replevin. The defense in the answers to both bills is claim of title in defendants Whiting and Martin by reason of a gift causa mortis to them by deceased.

In both cases, among other issues framed and submitted to a jury, was the question whether in the respective cases deceased did in his lifetime make a gift to defendants Whiting and Martin.　In each case the question was answered in the affirmative and following the verdict the sitting Justice entered a decree in favor of defendants. In each case plaintiff seasonably filed a general motion for new trial and appealed from the decree.　Plaintiff took sundry exceptions to the admission and exclusion of evidence and to certain

instructions and refusals to instruct of the sitting Justice. In reference to the exceptions, it need only be said that they have received due consideration from this court in arriving at its conclusions: *Redman* v. *Hurley*, 89 Maine, 428, 434.

In the first case, after careful examination of the record, we are of the opinion that the decree appealed from must be sustained. It is not shown that it is clearly wrong: *Young* v. *Witham*, 75 Maine, 536; *Proctor* v. *Rand*, 94 Maine, 313, 318; *Herlihy* v. *Coney*, 99 Maine, 469, 471; *York* v. *Mathis*, 103 Maine, 67, 74-5.

In the second case, in which it is sought to recover the contents of the box in the safe deposit vault of the Security Trust Company occupied by the testator in his lifetime, and the keys of the box we feel that the decree cannot be sustained.

More than half a century ago this court declared that "donations made, not in conformity to the statute of wills and frauds, but suited to contravene them are not favored by the law, but are admitted with the greatest caution:" *Dole* v. *Lincoln*, 31 Maine, (1850) 422, 433. See also *Goulding* v. *Horbury*, 85 Maine, 227, 234. In express recognition of this doctrine, it was later held, in a case where it was unsuccessfully sought to support a gift causa mortis of money and bonds, by showing delivery of the key of the trunk containing them, that to establish a gift causa mortis the law requires clear and unmistakable proof, not only of an intention to give, but of an actual gift, perfected by as complete a delivery as the nature of the property will admit of—a delivery actual and complete, such as deprives the donor of all further control and dominion : *Hatch* v. *Atkinson*, 56 Maine, 324, 327, 331. The doctrine of this case has been repeatedly recognized with approval since its enunciation: *Drew* v. *Hagerty*, 81 Maine, 231, 242, 243; *Goulding* v. *Horbury*, 85 Maine, 227, 234; *Larrabee* v. *Hascall*, 88 Maine, 511, 518, and, save as it may be modified by *Goulding* v. *Horbury*, ubi supra, is reaffirmed.

A careful examination of the record by no means satisfies us, that either an intention to give or a delivery of the keys with an intent to give either them or the contents of the box are shown by that clear and

unmistakable proof which the law requires: *Hatch* v. *Atkinson*, ubi supra; *Goulding* v. *Horbury*, 85 Maine, 227 ; see also *Liberty* v. *Haines*, 103 Maine, 182, 191-193. It is apparent that the jury must have labored under a misconception of the law or of the nature and degree of the proof required to uphold the contention of the defendants. The decree of the sitting Justice is based upon the verdict (*Young* v. *Witham*, ubi supra) and must be reversed. See *Metcalf* v. *Metcalf*, 85 Maine, 473, 481.

It is, however, strenuously contended by the defendants that, inasmuch as the controversy between the parties is one concerning property, trial by jury is a right given by the Constitution of Maine and that a verdict in such case cannot be set aside save as, and upon the same grounds that, a verdict at common law is set aside and that, as a necessary corollary if the verdict be set aside, a new trial must be ordered.

The provision of our Constitution invoked, Article I, section 20, is as follows: "In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced." . . . It is in all substantial particulars the same as that of Massachusetts. The Supreme Court of that Commonwealth in a recent case, had occasion to consider the same proposition now maintained by defendants and concludes its clear and learned discussion of the subject, as follows:—"The article as it now stands is a declaration of the common law right to a trial by jury, and in no way inconsistent with the establishment of a court of Chancery having general jurisdiction, as it was at the time of the adoption of the Constitution, and proceeding in accordance with its fundamental rules of practice as then existing. One of these rules was that trial by jury should be at the discretion of the Court. The case before us is one of alleged fraud and undue influence, in which the plaintiffs among other things ask that the defendant be ordered to account for and to deliver to the plaintiffs personal property and real estate which he wrongfully obtained. Both as to subject matter and the remedy sought, the case is well within chancery jurisdiction, as it existed at the time of the adoption of the Constitution and had for a long time there-

tofore existed.　It follows, that the defendant has not a constitutional right to trial by jury, and that he can have such a trial only at the discretion of the Court:" Per Hammond, J., *Parker* v. *Simpson*, 180 Mass. 334, 344, 355; see also *Culbert* v. *Hall*, 181 Mass. 24, 25.

The case under our consideration is one of equitable replevin (*Farnsworth* v. *Whiting*, 104 Maine, 488, 493-495) a subject within the jurisdiction of courts of full equity jurisdiction long before the adoption of our Constitution: *Clarke* v. *White*, 12 Pet. 178, 187-88; *Somerset* v. *Cookson*, 3 P. Wms. 390 (1735); *Pusey* v. *Pusey*, 1 Vern. 273 (1684); *Saville* v. *Tankred*, 1 Ves. 101; (1748); *Jackson* v. *Butler*, 2 Atk. 306 (1742); *Tells* v. *Read*, 31 Ves. Jr. 70; (1796); *Osborn* v. *U. S. Bank*, 9 Wheat. 737, 845, 846; 1 Mad. Ch. Pr. 232; see also *Farnsworth* v. *Whiting*, 104 Maine, 488, 493; *Holden* v. *Hoyt*, 134 Mass. 181, 184, 186.

Where, as in the present case, the right of trial by jury is not a constitutional right, this court always has considered that a verdict in an equity cause is merely advisory and that, if it be not satisfactory to the conscience of the court, it is discretionary with the court, either wholly to disregard the verdict or to set it aside and order a new trial: *Larrabee* v. *Grant*, 70 Maine, 79, 83-85; *Metcalf* v. *Metcalf*, 85 Maine, 473, 477; *Ben. Asso.* v. *Parks*, 81 Maine, 79, 84; *Redman* v. *Hurley*, 89 Maine, 428, 434; *Duffy* v. *Insurance Co.*, 94 Maine, 414, 417; *Rolfe* v. *Insurance Co.*, 105 Maine, 58, 60.　A different rule apparently prevails in Massachusetts: *Crocker* v. *Crocker*, 188 Mass. 16, 18, 19.

The entry must therefore be, in the first case decree affirmed with costs upon appeal and in the second case verdict set aside, decree reversed, except as to the securities in box No. 41 standing in the name of Helen A. Farnsworth, with costs.

*Decree accordingly.*