R. W. Fadden *v.* S. E. McKinney et al.

November Term, 1913.

Present: Powers, C. J., Munson, Watson, Haselton, and Taylor, JJ.

Opinion filed January 13, 1914.

*Husband and Wife—Torts of Wife—Liability of Husband—Evidence —Presumptions on Presumption—"Presumption of Fact"—Weight—Scintilla—Opinion Evidence—Question of Law—Exceptions—Waiver of Errors—Briefs—Motion to Strike out—Necessity—Argument of Counsel—Curing Error —Record —Presumptions —Requested Instructions— Time of Presentation.*

No inference can properly be drawn from a fact that is itself a mere inference, and so where it might properly be inferred that a married woman caused a breaking and entry of plaintiff's close it cannot be therefrom further inferred that in doing so she acted under her husband's advice.

A "presumption of fact" is an argument that infers a fact, otherwise doubtful, from a proved or conceded fact, and so must be based on an established fact.

Since P. S. 3042 relieves a husband from liability for the torts of his wife, unless committed by his authority or direction, to make him liable therefor that authority or direction must be alleged and proved, and so his mere knowledge that she had employed another to commit a trespass would not make him liable.

More than a mere *scintilla* of evidence is required to support a verdict. The evidence must fairly and reasonably tend to establish liability.

Where a bill of exceptions refers to the transcript "for all the evidence * * * in support of the various motions and exceptions hereby referred to, * * * and is controlling on all questions of fact in respect to the same," the reference is only in support of exceptions stated in the record and not of those waived by omissions therefrom.

The waiver in the exceptor's brief of a reserved question is binding, though the question is argued, unless leave to withdraw is granted.

Questions not briefed by the exceptor are waived.

Where counsel and the trial court treated a question asked on cross-examination as answered it was so treated on review.

The question, asked plaintiff on cross-examination, whether after reconciliation with his wife she did not have the possession and control of the household and personal effects down to the time of their removal, was properly excluded as calling for a conclusion of law, where it appeared that the question of possession, though directly in issue, was one of mixed law and fact.

A non-expert witness should not give an opinion on the ultimate question at issue.

Where the objection to testimony was made after the question was answered, and no motion was made to strike out the answer, no ruling was invoked.

Counsel cannot complain of an improper remark by his opponent which was in reply to his own like improper statements.

Where immediately upon objection to an improper remark by plaintiff's counsel the court said that a positive fact not appearing before the court should not be stated as a fact in the presence of the jury, and directed the jury not to consider the statement or anything else except the evidence, there was no ground for a reversal.

Unless the court believed that improper remarks by counsel were cured by sustaining objection thereto, and directing the jury not to consider them, it should of its own motion have dismissed the jury or set aside the judgment.

An exception reserves for review a ruling of the trial court, so that a party whose objection to the misconduct of counsel has been sustained should not be allowed an exception thereto, where he does not move to take the case from the jury.

The action of the trial court in allowing counsel to continue, after an objection that he is exceeding the bounds of legitimate argument, is either a ruling that the argument is proper, or a refusal to rule on the objection, and so an exception thereto lies.

It is incumbent on a party excepting to claimed improper argument in some way to show that it was improper, for in the absence of such showing it will not be presumed that the challenged statement was not justified.

While it is sometimes said that counsel may reply to unwarranted arguments of opposing counsel, the practice of arguing outside the record, whether offensively or defensively, tends to confuse the jury, and it will not be presumed on review, the contrary not appearing of record, that defendant's counsel was guilty of such misconduct in argument as to justify plaintiff's counsel in making improper argument.

In trespass for breaking and entering plaintiff's house, it was error prejudicial to defendant to allow plaintiff's counsel persistently to state in argument, without evidence to support it, that defendant's counsel had given prominence to the fact that plaintiff's wife had brought suit against him for divorce, and had procured an injunction order as to the house and furniture, but that, when plaintiff's counsel asked a question that would have shown what the result of the divorce case was, defendant's counsel objected, and though the jury were not told they had learned the result of that case, plaintiff's counsel having stated to the court during the trial that the divorce suit resulted favorably to plaintiff, and the court having then directed the jury not to consider that statement.

Exceptions to the court's refusal to give requested instructions, made orally at the bench at the close of the charge, will not be considered on review, for it will be taken, the contrary not appearing, that the requests were refused because not seasonably and properly presented.

TRESPASS QUARE CLAUSUM, with account in trover. Plea, the general issue. Trial by jury at the March Term, 1913. Franklin County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*C. G. Austin & Sons* for the defendant.

*Elmer Johnson* for the plaintiff.

TAYLOR, J. This is an action of trespass for breaking and entering the plaintiff's close situated on Aldis Street in the city of St. Albans, to which a count in trover is joined for taking and carrying away certain household goods claimed to be owned by the plaintiff. The plea was not guilty.

The first question presented arose below on the motion of defendant S. E. McKinney for a directed verdict, on the ground, in substance, that there was no evidence to support a verdict against him. On this question the transcript of the testimony is referred to and made controlling.

The evidence, viewed in the light most favorable to the plaintiff, in any way material to the disposition of this question, is as follows:

The plaintiff was a married man and for several years prior to the date of the alleged trespass had lived on the premises in question with his wife and children. Some time in 1908, difficulty arose between the plaintiff and his wife which culminated in a petition for divorce brought by the wife in June of that year. At that time and ever since the family had lived on the premises, the title thereto was in the plaintiff. Shortly after the petition for divorce was brought, a reconciliation was effected and an agreement entered into providing among other things that the plaintiff should convey the premises to his wife. Pursuant to this agreement the premises were conveyed through a third person to the wife and the divorce proceedings were discontinued. The plaintiff and his wife continued to occupy the premises as their home until the day of the alleged trespass. Five of the plaintiff's six children were living at home with their father and mother in the summer of 1912. The defendant, Vernon Fadden, a son, and Myrl McKinney, wife of S. E. McKinney, a daughter, had reached their majority. Prior to July 27, 1912, trouble again broke out between the plaintiff and his wife. The plaintiff attributed the difficulty to Mr. and Mrs. McKinney and his son Vernon, who were then living in the family paying board. On that day plaintiff notified Mr. and Mrs. McKinney and Vernon to leave the house and find board elsewhere. Mrs. Fadden had brought a new petition for divorce which had been served on the plaintiff on July 24, 1912, in which the plaintiff was restrained from interfering with the wife's possession of the household effects upon the premises in question. Mr. and Mrs. McKinney and Vernon did not act at once upon the notice to leave the premises and steps were taken which resulted in a hearing before the judge who signed the restraining order in the divorce proceeding on August 8 and 9, among other things on a motion to modify the injunction. At the conclusion of the hearing the judge stated orally the substance

of his decision, which, so far as material to the questions before us, was to the effect that conditions should remain substantially as they were pending the petition, except that the older children, Vernon J., Myrl, and her husband, S. E. McKinney, should immediately procure board and accommodations elsewhere; that the plaintiff have the exclusive use of certain portions of the dwelling house and be prohibited from occupying other portions thereof; that Mrs. Fadden should have the right to occupy the portions of the dwelling house not set apart for the plaintiff, or to go elsewhere at her option; and that she should not remove, or permit to be removed, from the premises any of the household furniture or other personal effects situate thereon, except her own clothing and that of the children. Defendant McKinney was present at the hearing and heard the decision announced. The written order signed by the judge was received and filed in the clerk's office August 12, 1912, after the trespass complained of.

The day following this hearing Mrs. McKinney accompanied by her mother found and rented a tenement on Messenger Street in another part of the city, and on the following day engaged defendant Charron, who was a truckman, to move her and her husband's furniture then in the house on Aldis Street to this tenement. It did not from direct evidence appear that Mrs. Fadden was party to the original renting of this tenement nor that she then intended to leave the Aldis Street house; but it did appear that the next day she had reached this decision and made an arrangement with Mrs. McKinney to take the tenement and furnish room and board to Mr. and Mrs. McKinney.

On the day of the trespass complained of defendant Charron, pursuant to his talk of the day before with Mrs. McKinney, sent two of his servants, Albert Olds and Merton E. Lovely, the remaining defendants, with two large truck teams to move the goods. Defendant Charron was not present and took no part in the actual moving of the goods. Olds and Lovely, assisted by Mrs. Fadden, Mrs. McKinney, and Vernon Fadden, without the consent and against the protest of the plaintiff, loaded the furniture onto the teams which were backed across the lawn of the premises in question, and moved it to the Messenger Street tenement, leaving the house practically stripped of its furnishings. The furniture and personal effects of the defendant McKinney were loaded and moved at the same time with that claimed by

the plaintiff. The trespass complained of was the entry of the premises to remove the household goods and personal effects of, or claimed by, the plaintiff.

The plaintiff claimed that Mrs. McKinney employed Charron to move all the furniture and that in doing so she was acting for her husband. There was no direct evidence to connect Mr. McKinney with the transaction and he was not present at the time of the moving and, so far as appeared, had nothing to do with it further than to give Mrs. McKinney money to pay for moving their personal effects. Mr. McKinney was employed by the C. V. Ry. Co. and left the house in the morning before the work of moving was begun and did not return. It appeared that Mrs. McKinney had told her husband where and when they were to move and that she had employed Charron to move their goods. There was no direct evidence to support the plaintiff's claim that Mrs. McKinney employed Charron to move the goods in question. It appeared, however, that Charron's men came with two teams, while one would have been sufficient to move the McKinneys' goods.

Mrs. Fadden paid Charron's men for moving the goods except what was contributed by Mr. McKinney for moving his own. Mrs. Fadden took the minor children with her to the Messenger Street tenement and at once became the head of the family there paying the rent and Mr. and Mrs. McKinney and Vernon continued members of her family as boarders.

Was there evidence to go to the jury so far as defendant S. E. McKinney was concerned? We think not. Up to the time he and his wife were ordered to leave the premises he was rightfully there as a roomer and boarder. After receiving such notice, Mrs. McKinney procured a place to which to move their personal effects. It was not claimed that he did not have a right to remove the goods belonging to himself and his wife in the way they were removed; nor was it claimed that he personally employed Charron and his men to remove any goods claimed by the plaintiff or personally had anything to do with their removal. There was no evidence tending to show that he counseled and procured the entry by Charron's servants to remove the plaintiff's goods. If the circumstances afforded a just basis for the inference that Mrs. McKinney procured such an entry, it would violate the rule against basing one presumption upon another to infer therefrom that what she did in that

regard was counseled and advised by her husband. No inference can legitimately be based upon a fact the existence of which itself rests upon a prior inference. 2 Cham. Mod. Ev. §1029; *Doolittle* v. *Holton,* 26 Vt. 588. The only presumptions of fact which the law recognizes are immediate inferences from the facts ·proved. *Comstock's Admr.* v. *Jacobs,* 84 Vt. 282. Whenever circumstantial evidence is relied on to prove a fact, the circumstances must be proved and not themselves presumed. *Cunard S. S. Co.* v. *Kelley,* 126 Fed. 610. A presumption of fact is an argument which infers a fact otherwise doubtful from a fact which is proved; hence, to be valid it must rest on a fact in proof. So far as appeared, whatever Mrs. McKinney may have done in that regard was without his knowledge or consent. Moreover he would not be chargeable for the tort of Mrs. McKinney, if she were guilty; for, so far as appeared, her acts in that behalf were committed without his authority or direction. By P. S. 3042 the husband is relieved from the common law liability for torts of his wife unless committed by his authority or direction. *Story and wife* v. *Downey and wife,* 62 Vt. 243. The very most the plaintiff could claim from the evidence would be knowledge on the husband's part that the wife had employed Charron to move the plaintiff's goods, which, alone, clearly does not make the husband liable. Besides to make the cause of action complete against the husband for the tort of the wife it is necessary to allege and prove that it was committed by his authority and direction, which was not attempted in this case. *Story and wife* v. *Downey and wife, supra.*

It is now the well settled rule in this State that something more than a mere *scintilla* of evidence is required to support a verdict. The evidence must fairly and· reasonably tend to establish liability. *Davis* v. *Boston & Maine R. R.,* 86 Vt. 205. And where, as here, liability rests entirely upon circumstantial evidence the circumstances must reasonably tend to support the inference. *Latremouille* v. *Bennington & Rutland Ry. Co.,* 63 Vt. 336. In the absence of evidence fairly and reasonably tending to connect defendant S. E. McKinney with the trespass he was entitled to have a verdict in his favor directed.

In cross-examination of the plaintiff, defendants' counsel, referring to the time of the reconciliation, asked the question: "Now at that time did you not agree with your wife to surrender to her the care and custody of the children, and not to

obstruct her in the management of the household affairs and the care of the children?'' The exceptions do not show that the court excluded the question. In their brief defendants' counsel expressly waive the ''third exception,'' which evidently relates to this question. In oral argument they insisted that reference to the transcript of the evidence would show that the question was excluded and an exception allowed, and that the exceptions referred to the transcript and made it controlling, so that the question was reserved. But the reference to the transcript is, ''for all the evidence * * * in support of the various motions and exceptions hereby referred to, * * and is controlling on all questions of fact in respect to the same.'' The reference is to evidence in support of exceptions stated in the record and not to exceptions that may have been reserved on the trial but that have been waived in preparing a draft of exceptions. We are confined to the record and that discloses no question for review. *Comstock's Admr.* v. *Jacobs,* 84 Vt. 277.

Lest by passing unnoticed the fact that a question was argued that had been expressly waived in the brief it might be inferred that counsel were at liberty to recall such a waiver at pleasure, we hold that the waiver is binding unless leave is granted to withdraw. The adverse party is entitled under the rules to know in advance of argument what questions are relied upon by the excepting party, and very properly may omit to brief questions thus waived. Besides it is uniformly held that this Court will not consider questions that are not briefed by the exceptor. *Leavens* v. *American Express Co.,* 86 Vt. 342.

In further cross-examination of the plaintiff this question was asked: ''Now, after that reconciliation, did not your wife have the possession of and control of the household and the personal effects therein, down to the time of the removal of those things?'' to which witness replied: ''Why she had just the same as she always had.'' Defendants' counsel asked to have the question read, whereupon, an objection being interposed that that was a question of law, the court excluded the question. Counsel and the court below evidently treated the question as though unanswered and we consider it in the same way here.

It was not error to exclude the question. It is not necessary to consider whether *control* of the premises or of the household goods is more than a question of fact; for, as framed, the ques-

tion involves that of *possession* which is usually a mixed question of law and fact.

Mr. Wigmore in his work on Evidence, speaking of testimony as to the fact of possession, says: "The difficulty in applying the opinion rule to questions of possession, ownership, etc., arises from the employment in statutory or common-law phraseology of terms having an untechnical use. When the issue there arises on the application of the law to the facts, and it is desired to prove that the conditions or qualities named in the law do or do not exist, a direct question upon the point in issue is often forbidden by a strict application of the opinion rule." 3 Wig. §1960.

It is conceivable that a state of facts might arise where it would be so unambiguous that the inference as to whether a person was or was not in possession of lands or chattels would obviously be a question of fact and not at all a conclusion of law; but ordinarily such conclusions are rejected. 3 Chan. Mod. Ev. §§2337, 2360. It had already appeared that an agreement in writing relating to the property had been entered into at the time of the reconciliation. During the time covered by the question the parties, as husband and wife, had occupied the premises as a home. In the process of time their relations changed and the wife brought a petition for divorce and secured certain temporary orders affecting the possession of the house and household effects. Finally, their relations to this property were again changed as a result of the hearing to modify the temporary order. It is obvious that the question of possession, if ever one of fact, had long since become a decidedly mixed question of law and fact, and that the question calling for an answer involving a question of law was properly excluded. *Clough* v. *Patrick*, 37 Vt. 421; *National Bank of Chelsea* v. *Isham*, 48 Vt. 590; *Griswold* v. *Wentworth*, 85 Vt. 205, 209.

As the issues were framed by the pleadings the question of possession was one of the matters directly in issue at that stage of the trial, and the rule in this State clearly excludes the expression by a non-expert witness of an opinion upon the precise question on trial before the jury. *Jaquith Co.* v. *Shumway*, 80 Vt. 556; *Cate* v. *Fife and Child*, 80 Vt. 404. The holding in the recent case of *Coolidge* v. *Taylor*, 85 Vt. 39, that it was proper to permit a witness to testify that the defendant "lived" in a certain town at a certain time is in accord with this hold-

ing; for there the ultimate fact for the jury was the question of residence, while testimony admitted was only "an index of that fact" and so properly received. It was not a conclusion but rather testimony concerning a simple fact.

The cases cited by the defendants' counsel in their brief do not touch upon the question presented.

In cross-examination of the plaintiff he was asked, "Now, you had given your children notice to leave, and on the hearing at the clerk's office before Judge Butler, did not Vernon, McKinney and his wife then and there agree to leave the premises at once?" to which he assented. On the redirect examination he was asked, "Mr. Fadden, was this agreement on the part of McKinney and Vernon and Mrs. McKinney to leave your home before or after the judge had said they must go?" to which he answered, "it was after he said they must go." No objection was interposed. After the answer, defendants' counsel remarked, "what the judge said is on paper." Discussion followed as to what the judge had said both orally and on paper, concluding with an offer by plaintiff's counsel to show that they went after the court told them they must go and not before. The court said, "I am inclined to receive that as bearing upon an explanation of the question that you (referring to defendants' counsel) have called out. You may have an exception." Thereupon, plaintiff was asked: "Did they agree to go, or say they would go, any of them, until after the court had made that order?" This question was not answered. Defendants' counsel objected that there was no such order and the order filed in the divorce case was produced and received in evidence, which closed that incident.

The ruling to which the exception was allowed apparently related to the offer by plaintiff's counsel. The question and answer that are challenged here do not appear to have been the basis of the exception. The objection following the answer was not accompanied by a motion to strike out the answer, so called, for no ruling as to the question. *Jewell* v. *Hoosac Tunnel & W. R. Co.*, 85 Vt. 64. The question based on the court's ruling was waived. The exception, being unavailing, will receive no further attention.

Two distinct questions relating to alleged misconduct of counsel are presented.

1.  In the course of the cross-examination of the plaintiff certain questions relating to the domestic affairs of the plaintiff and his wife having been asked and excluded, defendants' counsel urged, "There is another view that this is admissible upon, as showing the conditions as to these children being with her, which in truth and in fact is for the purpose of getting their board and the room rent with which to support the family." Thereupon, plaintiff's counsel addressing the court, replied, "the issue whether this man elected to support his wife has been once tried and determined in the divorce case. They have made the most of that that they could, and the court said that he had not neglected his wife in that respect." Defendants' counsel objected to this statement in the presence of the jury. The court immediately stated that a positive fact that does not appear before the court should not be stated as a fact in the presence of the jury, and directed the jury not to consider the statement made as a fact, adding, "You should consider nothing except what comes to you under the sanction of the court from the witness stand and from documents and papers offered in the case." An exception to the statement was noted.

There was no ground of exception. Defendants' counsel opened the incident by transgressing the very rule he invoked by his objection. Having by his own fault invited his opponent's remark, he cannot now be heard to complain. *McMullin* v. *Erwin,* 69 Vt. 338; *State* v. *Slamon,* 73 Vt. 212; *Moore's Admr.* v. *Cross,* 86 Vt. 148. Moreover, the prompt and efficient treatment of the matter by the court below leaves no room for doubt that the mischief was cured. This being so, the error is rendered harmless and affords no basis for a reversal. *Fraser* v. *Blanchard et al.,* 83 Vt. 144. The exception noted was not to the action of the court, for the defendants' objection was sustained; nor does the granting of the exception imply that the court below did not regard the mischief as cured, for otherwise it would have been its duty, of its own motion, to dismiss the jury or to set aside the verdict. *Fraser* v. *Blanchard et al., supra.*

The growth in recent years in the practice of bringing up for review the conduct of counsel in argument, or in the introduction of the evidence, prompts us to call attention to the suggestion of Chief Justice Rowell in *Fraser* v. *Blanchard.* While this Court will review the misconduct of counsel during the trial,

and set aside the verdict when it is apparent that the mischief has not been, or could not be, cured by the action of the court below, still the proper function of an exception is to bring up for review claimed errors of the trial court; so that, a party whose objection has been sustained and he not moving to take the case from the jury should not be allowed an exception. He should stand the same as a party who, knowing grounds for discharging the jury, keeps silent and gambles on the result.

2. In argument of plaintiff's counsel to the jury the following occurred:

Plaintiff's counsel. "I say, gentlemen, he (referring to defendants' counsel) paraded that petition before you; and he emphasized and made prominent the fact that his wife had brought these charges against this man and got this injunction order, but when I asked the question of some witness on the stand——"

Defendants' counsel. "We wish an exception."

Plaintiff's counsel. "I am willing he should have an exception. * * * When l asked the question ——"

Defendants' counsel. "We ask the court to exclude."

Court. "There is nothing he has said yet; if he says something, you can stop him."

Plaintiff's counsel. "When I asked the question of some witness, the answer to which would have told you what the result of that petition was, Brother Austin objected to the answer."

Defendants' counsel. "To those remarks we want an exception."

Court. "Well, an exception may be noted."

Plaintiff's counsel. "And you were not told; but, gentlemen, you have learned."

Defendants' counsel. "We want a further exception to the further remark of counsel."

Plaintiff's counsel. "You may have an exception to my whole argument, and I will agree if he wants it, he may have an exception to every word I say."

Defendants' counsel. "Now, we except to those remarks to the court."

Court. "Well, an exception is noted." After further protest by defendants' counsel, the court said: "Well, we have

allowed you your objection and exception. Proceed, Mr. Johnson. An exception is noted.''

A different question than the former is presented. The court, by permitting the argument to proceed as it did, impliedly ruled that it was legitimate in the circumstances. *Cutler & Martin* v. *Skeels*, 69 Vt. 161. When the trial court does not, on objection, stop counsel when they transcend the bounds of legitimate argument, but lets them go on, it is treated as a ruling that what they are saying is proper, or as a refusal to rule, to which an exception lies. *Smith Woolen Machine Co.* v. *Holden*, 73 Vt. 403; *Magoon* v. *B. & M. R. Co.*, 67 Vt. 201. So the question presented is whether the court erred in permitting the statement of plaintiff's counsel to stand. The offending statement, if such it is, relates to a question asked by plaintiff's counsel which was excluded on defendants' objection. The transcript discloses that the petition for divorce referred to had been offered and received in evidence and that considerable prominence had been given through the trial to the divorce proceedings; so, while somewhat extravagant in its language, we cannot say that the preliminary statement exceeded the bounds of legitimate argument. Nor would a failure to rebuke a mere reference to the fact that a question had been excluded under objection of defendants' counsel necessarily be reversible error. But plaintiff's counsel did not stop there. He continued: ''and you were not told; but, gentlemen, you have learned.''

If the question stood upon the bill of exceptions alone, we might say, as was said in *Hathaway* v. *Goslant*, 77 Vt. 214, that the testimony may have been such as to justify the statement, it being incumbent upon the excepting party to show in some way that it was not legitimate; for, in the absence of such showing, it will not be presumed, for the purpose of finding error, that the statement was not justified. The reference to the transcript brings the whole record before us on this question. Defendants contend that the statement relates to a matter not in evidence, a thing that the statement itself implies. Plaintiff seeks to justify this argument by saying that defendants' counsel, in argument to the jury, had paraded before the jury one of the petitions for divorce and commented upon it and the fact of there being an injunction order issued without hearing, but without telling the jury how the case was finally

terminated; and suggests that counsel are justified in using the same weapons that his antagonists use.

The argument of defendants' counsel referred to was not taken by the reporter and nothing appears to show that he traveled outside the record. While it is sometimes said that counsel may reply to unwarranted argument by his opponent, the practice of going outside of the evidence, either in offensive or defensive warfare, only tends to confuse the jury and impede justice. We cannot presume misconduct on the part of defendants' counsel to justify opposing counsel in the weapons he chooses, when their use is forbidden to both. If left to rest upon presumption, the inference must be that neither the court nor plaintiff's counsel would permit defendants' counsel to go outside the evidence in argument.

A careful examination of the transcript fails to disclose any *evidence* from which the jury could have learned the result of the divorce proceeding. Plaintiff has not called our attention to any such evidence and, so far as the transcript discloses, the only information they could have had about that matter was the statement made by plaintiff's counsel involved in the preceding question. As to that the jury had been told not to consider it. In the circumstances reference to the matter in argument was improper and under our holdings defendants' objection should have been sustained. Error in this regard requires a reversal unless we can say that it was not prejudicial. The statement was persisted in against repeated objections. It criticised defendants' counsel for exercising their legal right of objecting to inadmissible testimony. It referred to a fact already improperly stated in the hearing of the jury. These facts together, if not singly, render the statement prejudicial in its nature; and, the contrary not appearing, it must be taken to have prejudiced the defendants' rights and makes a reversal necessary. *Herrick* v. *Holland,* 83 Vt. 513.

Defendants' exceptions to the refusal of the court to charge as requested are not considered. The record does not disclose that they were seasonably made. It appears from the transcript that they were made orally at the bench at the close of the charge and that plaintiff's counsel protested that they were out of time. Nothing further appearing, it will be taken that the court denied the request because not made in conformity with the rule relating to requests to charge. While the trial court might,

in its discretion, waive the rule and consider requests made out of time, there is nothing before us to. show that that was done in this case. The record merely states that the court refused to comply with the requests to. which the defendants excepted.

It is not necessary to examine the defendants' exceptions to the charge of the court and to the refusal of the court to set aside the verdict as being excessive, as the case must be remanded for a new trial and the questions presented are not likely to arise on retrial.

*Judgment reversed and cause remanded.*