# Carrie A. Coolidge v. Melvin G. Coolidge

[287 A.2d 566]

No. 103-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

Rehearing Denied February 8, 1972

*Parker & Richards,* Springfield, for Plaintiff.

*Black & Plante,* White River Junction, and *Daniel E. Kesman,* Ludlow, for Defendant.

■ **Barney, J.** This is an action for partition of jointly owned property. The matter has proceeded to the point of a judgment ordering partition, but the division proceedings provided for in 12 V.S.A. § 5169 have not yet been ordered. The defendant, who opposes partition, appealed this judgment in regular form and has been confronted by a claim that this order is not final, but interlocutory, and can come up only by the certification procedures of V.R.A.P. 5. But *Blanchard* v. *Cross,* 97 Vt. 370, 372, 123 A. 382 (1924), defines the judgment to partition as being final with respect to the right to the remedy. Since this is our law, the appeal is properly taken with respect to the determination that partition should be carried out and, as the *Blanchard* case also holds, with respect to the decision as to the respective interests of the parties. *Gourley* v. *Woodbury,* 43 Vt. 89 (1870).

■ The matter had its beginnings in 1941. The plaintiff and her husband and the defendant, one of their sons, were conveyed the premises involved in this litigation "as joint tenants and not as tenants in common." This, of course, carries with it the implication of eventual full ownership in the survivor of the three tenants. *Kennedy* v. *Rutter,* 110 Vt. 332, 340, 6 A.2d 17 (1939). The evidence discloses that this consequence was well understood and intended by all three tenants at the time of the conveyance to them. In 1966 the plaintiff's husband

died and she soon moved off the farm. She is now seventy-seven and lives with another son, her only income being a monthly social security check of $64.00.

The statute under which this action is brought is 12 V.S.A. § 5161, which provides:

> "A person having or holding real estate with others, as joint tenants, tenants in common or coparceners, may have partition thereof."

By its express terms, this statute purports to authorize partition in cases of joint tenancy.

■ The defendant says it cannot apply where it is understood by the parties that the survivor is intended to be the ultimate owner of the total fee. But, as we have seen in *Kennedy* v. *Rutter, supra,* 110 Vt. at 340, survivorship is a particular attribute of joint tenancy. Thus, with the statute already undertaking to deal with common ownership which involves survivorship, the existence of a joint tenancy alone will not forestall its operation. It seems clear that the additional phrase "and not as tenants in common", while clearly delineating the title as a joint tenancy including the survivorship characteristic, adds no new quality to the tenancy such as to distinguish it from that named in the statute. Indeed, even the addition of words such as "with right of survivorship" would add nothing to the quality or quantum of the joint estate but merely more particularly describe it. Therefore, to remove the matter from the operation of the statute, it is clear something more must be required, otherwise, every joint estate, in spite of the express statutory language, would be immune from partition.

■ The defendant asserts the conversations at the time of the conveyance established an agreement barring resort to partition. The general law is that partition is a right incident to common ownership which a co-owner may demand absolutely. 68 C.J.S. *Partition* § 21. But it is also the law that partition may be barred by agreement between the parties, either express or implied, but that the mere contemplation against partition is not sufficient to raise such an implied

agreement. 59 Am.Jur.2d *Partition* § 6. Even so, such agreements may run counter to public policy as unreasonable restraints on alienation. 68 C.J.S. *Partition* § 44; 59 Am.Jur.2d *Partition* § 7.

However, in this case the findings do not report any agreement barring petition. An examination of the pertinent testimony shows only that the parties understood and accepted the characteristics of joint tenancy, including survivorship, at the time the deed was passed. This falls far short of supporting any ancillary agreement to forego the right to partition. The judgment decreeing partition is supported by the findings and the evidence.

The defendant further contends that the trial court did not effectively measure the extent of his interest in the property, based on what the evidence revealed concerning his financial input. The evidence on the issue of contribution by the defendant was strongly controverted. The findings do not detail the claims of the parties made in their testimony but are sufficiently derived from that evidence to be unassailable here. The trial court's decision on the measure of the defendant's interest, in the presence of evidentiary support, must stand.

*Judgment affirmed and cause remanded for further proceedings in implementation of partition.*

### On Motion for Permission to Reargue

**Barney, J.** A motion to reargue was filed in this case. The defendant disagreed with the view of the evidence taken by this Court and the court below as reflected in the findings. This is not grounds for reargument.

The principal argument in favor of reargument is one not previously advanced. Thus, it, too, is outside the requirements of Rule 40 V.R.A.P. *Fairlee* v. *Boston & Maine Corp.*, 127 Vt. 215, 219, 244 A.2d 53 (1968). Moreover, the proposition advanced, asserting that the statute, 12 V.S.A. § 5161, is an unconstitutional invasion of the right to contract is without foundation. First, as the opinion holds, the operation of the statute can be barred by agreement, if. the facts

so establish. Second, since the statute preexisted the conveyance, that arrangement must be considered to have been entered into in the light of its provisions. 17 C.J.S. *Contracts* § 22, at 626.

This is not the case of a contract that is infringed by subsequent legislative action, such as was the case in *Brattleboro Retreat* v. *Town of Brattleboro*, 106 Vt. 228, 241, 173 A. 209 (1934), so that law does not apply.

*Motion for reargument denied. Let full entry go down.*