# Howard S. Brower v. Reginald P. Hill and Helen B. Hill

[349 A.2d 901]

No. 199-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed December 2, 1975

*Lynch, Ketcham & Foley,* Middlebury, for Plaintiff.

*Langrock and Sperry,* Middlebury, for Defendants.

**Larrow, J.** Plaintiff brought action for specific performance of a written contract with the defendants, to sell him specified lands in Hancock, Vermont, and for damages for breach of the contract. The damage aspect of his claim was subsequently waived. Defendants, admitting the contract, claimed fraud in its inducement, unconscionability, and unauthorized practice of law by the plaintiff. They counterclaimed for damages. They requested jury trial "on each and every issue triable by jury."

Although the action was clearly equitable in nature, the presiding judge evidently considered that jury determination of some questions of fact would be desirable and, without objection, convened a jury pursuant to V.R.C.P. 39(c). Much of the controversy here presented arises from the failure to make any preliminary order outlining the scope of the issues to be submitted to the jury. We cannot emphasize too strongly that in future proceedings of this somewhat unusual nature such an order should be entered, because under V.R.C.P. 39(c) the determination of the issues to be submitted to the jury and the effect to be given its verdict are largely discretionary with the court.

The record shows quite plainly that the court intended to submit for jury consideration only the issue of fraud. The charge covered this issue very clearly, and no objection to it is raised. Requests by the defendants to charge on the issues of unconscionability and illegal practice of law were denied, and these matters were not covered in the charge. On the submitted issue of fraud, the jury found for the plaintiff, and the court subsequently entered a judgment order for specific performance of the contract in question "in accordance with the terms and conditions thereof." This order was approved as to form prior to execution by counsel for both parties.

The contract here in question called for sale of defendants' 188 acre homestead in Hancock for $200.00 per acre, or $37,600.00, with a $300.00 down payment, a closing payment of

$7,700.00, with the balance spread over six years at 5% interest. A reduction of $200.00 per acre was provided for any deficiency below 182 acres. A form contract was used, with the blanks filled in in handwriting. The form had been prepared by plaintiff, a Massachusetts attorney, who also filled in the blanks.

The transaction resulted from defendants answering a blind ad for Vermont property placed in the Connecticut Valley Reporter by the plaintiff. They originally asked $40,000.00 for their property. Extensive evidence was introduced dealing with the contract negotiations, the claimed disabilities and lack of knowledge of the defendants, advice by the plaintiff about the tax advantages of spreading the payments over a period of time, an alleged representation by plaintiff that he was a "law student" and his failure to advise defendants to get an attorney. Defendants now argue that, although the jury found no fraud, the various elements of evidence rendered the transaction unconscionable, so as to preclude specific performance. They also claim that plaintiff cannot enforce the contract because he was practicing law in Vermont without being admitted. They cite *Markus & Nocka* v. *Goodrich*, 127 Vt. 404, 250 A.2d 739 (1968), for this proposition.

Treating first the claim of illegality in the unauthorized practice of law, we do not find appellants' reasoning persuasive. In the cited case, the plaintiff, without the required statutory registration, was clearly practicing as an architect, working for others, in Vermont. Here the plaintiff was not employed by others, but was promoting his own business interests. The contract sought to be enforced is for the sale of lands, not for legal services. The "advice" to which defendants refer was simply a part of the business negotiation; plaintiff did not purport to represent the defendants. This claim of error is without merit. An attorney admitted in another state does not deal in his own name in Vermont at the risk of being charged with illegal practice.

On the issue of unconscionability, appellants' argument seems to be that the issue should have been submitted to the jury, that it was never passed upon by the trial court, and that the absence of any notice of decision under V.R.C.P.

52(a) deprived them of any opportunity to be heard on this point.

■ As we have already pointed out, the issues to be submitted to an advisory jury in an equitable proceeding are largely discretionary with the court. V.R.C.P. 39(c). The rule speaks in permissive rather than mandatory language, even where both parties consent to a verdict with binding effect. As above noted, although no preliminary order was issued outlining the scope of jury submission, the action of the trial court in confining its instructions to the issue of fraud make it clear that this was the issue on which it sought advisory factual determination. Appellants' argument that the plaintiff, by silence, agreed to the submission of all issues to the jury, misses this point altogether. Without belaboring the inquiry as to how consent could be implied by silence about an action which was not in fact taken, the simple answer is that, with or without such consent, the use of a jury at all, and the extent of such use, is discretionary with the trial court under V.R.C.P. 39(c).

■ The argument that the issue was never passed upon by the court is equally untenable. There was, as claimed, no formal notice of the court's decision and no findings of fact by the court. We agree that this is not the preferred procedure, and that compliance with V.R.C.P. 52(a) would have served to clarify the issues on appeal and to define the action of the court on this issue. But we cannot presume from the absence of findings and conclusions that the issue was ignored by the trial court. It was argued at length; evidence on the issue came in, at length and without objection; requests to charge on the point were considered and denied. The matter was clearly before the court for consideration; we must assume, absent a clear showing to the contrary, that it received that consideration.

■■ Nor can we say that in granting specific performance the court abused its discretion. The parties have briefed at length the doctrine of unconscionability in Vermont, as a ground for denial of specific performance. Without doubt, in the discretion of the judge, unconscionability may be the basis for denial of specific performance. *Sexton & Stoddard* v. *Neun*

*& Case,* 131 Vt. 372, 306 A.2d 113 (1973). This discretion is not untrammeled, but must be exercised in conformance with established rules and principles. *Johnson* v. *Johnson,* 125 Vt. 470, 473, 218 A.2d 43 (1966). All relevant circumstances must be considered. *Id.*

So viewed, abuse of discretion does not appear. Much of the evidence upon which defendants rely was disputed, and their primary claim, that plaintiff deceived defendants as to the interest rate he inserted in the contract, must be held to be determined against them by the jury's finding on the issue of fraud. Weighed against their claims of unfair advantage and poor advice must be considered the fact that defendants' asking price was substantially met; that there was a provision for survey and acreage discrepancy, fair on its face; that over 20% of the purchase price was payable at closing; that there are tax advantages to an instalment sale; that a first mortgage back was provided for, payable over six years, with interest comparable to savings accounts; and that many of the provisions of the contract were standard form provisions. If the trial judge believed all of the defendants' evidence, a conclusion we cannot reach in the absence of findings, he might well have been justified in refusing specific performance under *Sexton, supra.* But we cannot say, as a matter of law, that granting specific performance with all defendants' claims taken as established would be error. Granting, or withholding, such relief we consider to be within the established bounds of our decided cases.

■ Lastly, the defendants urge that because the trial court issued no notice of decision under V.R.C.P. 52(a), and did not utilize the alternate procedure of making findings and conclusions of its own motion, they were deprived of any opportunity to argue the issue of unconscionability and to request findings of fact under the rule. Again, we emphasize that compliance with the rule as written better protects the interests of all parties and clarifies issues on appeal. But, we do not feel that lack of compliance is necessarily fatal. The record clearly shows that attorney for the defendants had in fact some notice of the judgment to be entered, because the judgment order bears his approval as to form. The claim of surprise here advanced is not supportable. In the face of this approval, and his

failure to seek relief by motion within ten days of judgment under V.R.C.P. 52(b), we necessarily conclude that the error which appears is harmless, and not the basis for reversal.

■ No grounds appear for reversing the action of the trial court in granting plaintiff's prayer for specific performance. We note, however, that although the judgment order was approved as to form by both parties, it lacks the specificity required by V.R.C.P. 65(d). Since the order is, in effect, a mandatory injunction, it should be specific in terms and describe in reasonable detail, not by reference, what is required in the nature of specific performance. Our affirmance is, therefore, conditioned upon leave to either party to apply for clarification of the decree to encompass specific details of the performance by the parties which it mandates.

*The judgment order of the Addison Superior Court is affirmed, and the cause remanded with leave to either party to apply for clarification of the same to encompass specific details of performance by the parties.*