360 A.2d 62 (1976)
Francis P. RYAN d/b/a Chelsea Rigging
v.
PENN JERSEY BOILER CONSTRUCTION COMPANY.
No. 159-75.
Supreme Court of Vermont.
June 1, 1976.
Reginald T. Abare, Barre, for plaintiff.
*63 Monte & Monte, Barre, for defendant.
Before BARNEY, C. J., and SMITH, DALEY, LARROW and BILLINGS, JJ.
PER CURIAM.
At issue in this civil action is a claim made by the plaintiff for services rendered to the defendant. The defendant counterclaimed alleging, among other matters, that the plaintiff unlawfully deprived it of a certain piece of its equipment for a period of four months. In a trial by court without jury, the court found in favor of the plaintiff, less the amount of damage found to have been sustained by the defendant for the loss of equipment use. The amount of the credit was $2,000.00. It is from this credit in favor of the defendant that the plaintiff appeals.
Although the evidence introduced on the issue was conflicting, the court found that the plaintiff's detention of the defendant's equipment was unauthorized. As compensation for the detention, the court credited the defendant with approximately one-half of the damages allowable under the evidence. The defendant, however, has taken no appeal from the judgment. We therefore do not consider the arguments now raised in its brief.
As to the plaintiff's claim that no credit at all should be allowed, we disagree. The credit of $2,000.00 for the loss of use is supported in fact and in law and was less than the total damages awardable under the evidence presented by the defendant. No prejudice to the plaintiff having been demonstrated as the findings are fairly and reasonably supported by the evidence, the entry will be judgment affirmed. See Seaway Shopping Center Corp. v. Grand Union Stores, Inc., 132 Vt. 111, 315 A.2d 483 (1974).
Judgment affirmed.