### Gerald J. Nugent v. Helena Shambor

[413 A.2d 1210]

No. 275-78

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Springer, D.J., Specially Assigned

Opinion Filed March 25, 1980

*Edward J. Cashman,* Essex Junction, for Plaintiff.

*Mark A. Kaplan,* Burlington, for Defendant.

**Barney, C.J.** This declaratory judgment proceeding is an equitable action brought by the plaintiff against the mother of his deceased wife. It centered on plaintiff's contention that the defendant's interest as a joint tenant in the family homestead is subject to a constructive trust making the plaintiff the sole beneficial owner. He appeals the trial court's judgment that his mother-in-law holds a one-third interest in the property.

Plaintiff and his first wife purchased the homestead with a down payment of their own funds. The defendant joined in the note and mortgage for the balance. The deed ran to the three of them as joint tenants. All three resided on the premises, with the defendant living in an apartment created by the renovation of a carriage house adjoining the main structure. The defendant purchased the materials for the renovations, and the plaintiff performed the labor. The defendant also made some regular payments to the plaintiff during her residency. She characterizes them as her share of the mortgage payment; he characterizes them as rent. The death of plaintiff's wife made the existing arrangement no longer viable, resulting in litigation.

Notwithstanding the equitable nature of this action, *Winooski Urban Renewal Agency* v. *Green Mountain Power Corp.,* 134 Vt. 497, 365 A.2d 514 (1976) (per curiam); *Mislosky* v. *Wilhelm,* 130 Vt. 63, 286 A.2d 267 (1971), it was tried before a jury. In reply to a special interrogatory the jury measured the defendant's interest in the property at 15 percent. Before judgment was rendered, the defendant moved for a new trial or a judgment notwithstanding verdict, contending that the evidence required the allocation to her of at least a one-third share. The court made findings and entered judgment awarding the defendant a one-third interest in the property. The plaintiff's appeal seeks restoration of the jury verdict.

Traditionally, joint tenants take identical interests in the property. 2 W. Blackstone, Commentaries on the Laws of England 180–81 (1766); see *Brownson* v. *Hull*, 16 Vt. 309, 312 (1844) (a joint tenant has title only to his "aliquot part"). The most distinguishing feature of the estate is survivorship. *Kennedy* v. *Rutter*, 110 Vt. 332, 340, 6 A.2d 17, 21 (1939); *Coolidge* v. *Coolidge*, 130 Vt. 132, 133–34, 287 A.2d 566, 568 (1971). But since the defendant took no separate appeal and seeks only affirmance of the judgment, the only issue before us concerns the difference between the trial court's award of a one-third interest and the jury's "verdict" for 15 percent. *Ryan* v. *Penn Jersey Boiler Construction Co.*, 134 Vt. 341, 342, 360 A.2d 62, 63 (1976).

The plaintiff contends that, even though the issue is equitable, the effect of V.R.C.P. 39(c) is to give the verdict the standing of a jury decision rendered in a case where trial by jury is a matter of right. He bolsters his argument by the further contention that the evidence supported the result reached by the jury and that it was, therefore, an abuse of discretion for the judge to reject the finding of the panel.

The basis of plaintiff's contention, that this verdict is entitled to the status of a binding jury verdict, is that part of V.R.C.P. 39(c) which provides: "or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

There is no such consent here. Plaintiff does not cite any portion of the record where he stated his agreement to treat the jury's verdict as binding. Though not required to, we have searched the record and find no such expression.

■ We are unwilling to hold that the consent contemplated by that rule is consent in this Court alone. To do so would be to allow parties in the plaintiff's position to await the outcome of a jury's deliberations before determining whether that verdict would be binding or advisory. Litigants are not entitled to adopt a sporting attitude towards jury verdicts. Cf. *State* v. *Bartlett*, 137 Vt. 400, 405, 407 A.2d 163, 166 (1979) ("A defendant cannot gamble on a favorable verdict, but must make prompt objection and motion for mistrial.").

■ Nor is it clear that the defendant consented to a binding trial by jury. The defendant did file a demand for a jury trial, but made no specification of issues. In such an instance, a party is deemed to have demanded "trial by jury for all the issues so triable." V.R.C.P. 38(c). It stretches the judicial imagination to conclude that such a demand consents to a binding jury trial of equitable issues when it does not even request a jury trial of those issues.

Finally we note that the plaintiff's contention is inconsistent with the nature of equity. Judges in the exercise of equitable power are not mere umpires of evidentiary conflicts. They actively wield substantial discretion and authority. To this end V.R.C.P. 39(c) does not require that a trial court accede to the parties' expressed consent to a binding jury; it provides that in such an instance the court may order such a trial. It may also in its discretion refuse. *Brower* v. *Hill*, 133 Vt. 599, 600, 602, 349 A.2d 901, 903, 904 (1975). To say that the parties might agree to a binding jury trial by their silence would be to deny the trial court the opportunity to exercise its discretion on the question.

■ We therefore conclude that the verdict in question remained purely advisory. The trial court had the authority, entirely apart from the standard required for a judgment notwithstanding verdict, to disregard that verdict. Reporter's Notes, V.R.C.P. 39(c); *Farnsworth* v. *Whiting*, 106 Me. 430, 435, 76 A. 909, 911 (1910).

The trial court made findings, and appellate review of them is as though no jury were present. *American Lumbermens Mutual Casualty Co.* v. *Timms & Howard, Inc.*, 108 F.2d 497, 500 (2d Cir. 1939); *Aetna Insurance Co.* v. *Paddock*, 301 F.2d 807, 810–11 (5th Cir. 1962). The plaintiff's further contention that the evidence supports the jury verdict is therefore irrelevant except to the extent that it might be taken to imply that there is not legally sufficient evidence to support the court's findings. Since there is such support for those findings, the judgment must be confirmed here.

*Judgment affirmed.*

**Billings, J.,** concurring in result. I concur with the majority that the jury verdict was purely advisory, and that the trial

court had authority to disregard it. In affirming the trial court's judgment decreeing a two-thirds interest to the plaintiff and a one-third interest to the defendant, the majority relies on the failure of the defendant to cross appeal.

In my view the appeal by the plaintiff from the final judgment brings the whole case up for appellate review, including all issues litigated below which affect the final decree, if they are briefed. V.R.A.P. 3(a); *Brattleboro Chalet Motor Lodge, Inc.* v. *Thomas*, 129 Vt. 405, 407, 279 A.2d 580, 581 (1971). See also *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 315 A.2d 463 (1974). It appears from the record that the percentage of interest in the parties as surviving joint tenants was litigated below, acknowledged by the trial court in its findings of fact, and briefed and argued, with particular reference to whether the defendant's interest was zero, fifteen percent, thirty-three and one-third percent or fifty percent. In view of this, I believe the issue was before this appellate court despite defendant's failure to cross appeal.

Upon the death of one of three joint tenants, the two surviving joint tenants each acquire possession of the whole, and each has title only to his or her aliquot part. *In re Estate of Boynton*, 121 Vt. 98, 106, 148 A.2d 115, 120 (1959); *State* v. *Parmelee*, 115 Vt. 429, 437, 63 A.2d 203, 208 (1949); *Kennedy* v. *Rutter*, 110 Vt. 332, 340, 6 A.2d 17, 21 (1939). Presumptively, each would have a fifty percent interest, see *Guilmette* v. *Franklin Realty Corp.*, 127 Vt. 130, 241 A.2d 323 (1968), there being the implication of full ownership in the survivor, *Coolidge* v. *Coolidge*, 130 Vt. 132, 133, 287 A.2d 566, 568 (1971). Based on the evidence and findings, and in the absence of a showing of any division contrary to the rule that each takes in equal parts from the deceased joint tenant, the court's judgment was in error.

I concur, however, in the result only because on oral argument, and also in the conclusion of her brief, the defendant specifically requested that this Court affirm the trial court's order decreeing her a one-third interest. By so doing, the defendant waived any further right of review. *Essex Storage Electric Co.* v. *Victory Lumber Co.*, 93 Vt. 437, 445, 108 A. 426, 428 (1919); *Fadden* v. *McKinney*, 87 Vt. 316, 323, 89 A. 351, 355 (1914).

The action here was equitable in nature, being a petition for declaratory judgment, and the assistant judges should not have participated or signed the findings of fact and conclusions of law. Although we have held that in cases where the assistant judges participate it is mere surplusage, *Kelly* v. *Rhodes*, 136 Vt. 534, 535, 396 A.2d 130, 131 (1978), the trial court should scrutinize carefully each case and conform the bench to the rules, V.R.C.P. 83(1), since, upon proper showing, such participation could be prejudicial and reversible error.

I am authorized to indicate that Mr. Justice Hill joins in this opinion.