*Double E. Properties, LLC v. Cheever*, 604-10-17 Wncv (Teachout, J., Feb. 7, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| SUPERIOR COURT Washington Unit | CIVIL DIVISION Docket No. 604-10-17 Wncv |
|---|---|
| Double E. Properties, LLC, Appellant v. Adriana Cheever, Appellee | ENTRY ORDER |

This is an appeal from the Small Claims Judgment issued on September 25, 2017 in Docket No. 4-1-17 Wnsc. In the underlying Small Claims case, Double E. Properties, LLC rented an apartment to Ms. Cheever, and after she vacated, the landlord sued her for unpaid rent. She counterclaimed on several grounds. An evidentiary hearing was held on June 15, 2017. The Judge issued written Findings of Facts and Conclusions of Law and a Judgment on September 25, 2017. Plaintiff/Landlord/Appellant was awarded $2,136 in unpaid rent, which was less than its claim as the Judge found that a $900 security deposit should have been credited to the Defendant/Tenant against unpaid rent. On Tenant/Appellee's Counterclaim, the Judge found that the evidence did not meet the burden of proof.

Landlord/Appellant appealed, claiming that the judgment should be increased by $975 to add rent for August 2016, for which she was not charged. An attached rent statement dated 9/15/17 that was not admitted as an exhibit at the trial showed that no rent was charged for August. She does not argue that the Judge ignored admitted evidence or incorrectly applied the law, but essentially seeks to add new evidence.

In response, Tenant/Appellee (who did not appeal the denial of her counterclaim) offers a considerable amount of information that appears to be new, and she attached several rent statements annotated with commentary and explanation.

### Analysis

On appeal before the Superior Court, the standard of review is limited. The appeal must be heard and decided "based on the record made in the Small Claims Court." 12 V.S.A. § 5538. The appellate court will not set aside findings of fact unless they are clearly erroneous. *Bartley-Cruz v. McLeod*, 144 Vt. 263, 264 (1984). The appellate court gives less deference to the trial court with regard to issues of law. However, the weight of the evidence and the credibility of witnesses are determined by the Small Claims Court as the trier of fact. *Brown v. Pilini*, 128 Vt. 324, 328 (1970). When reviewing questions of fact, this court does not substitute its judgment for that of the Small Claims Court. *Whipple v. Lambert*, 145 Vt. 339, 341 (1985); see also V.R.S.C.P. 10(d) (appeals limited to questions of law).

In addition, an appeal is not an opportunity to present new evidence, but only to determine whether the Judge's findings have a valid basis in the evidence admitted and whether the Judge correctly applied the law. *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.); *Brandon v. Richmond*, 144 Vt. 496, 498 (1984).

Appellant does not argue that the Judge applied the law incorrectly or that the facts admitted at the trial do not support the judgment. Appellant specifically does not dispute the critical finding that she did not send the Defendant an accounting of the $900 security deposit within 14 days. She simply asks to increase the amount of unpaid rent by an additional month. Appellant's claim as described in the complaint, and Landlord's testimony at trial, was that the remaining rent due was $3,200 as shown in her accounting records. The Court awarded her judgment in that amount minus the security deposit. See 9 V.S.A. § 4461(e) (specifying the remedy for wrongful withholding of security deposit).

If Landlord was seeking unpaid rent other than what appeared in her accounting records, it was incumbent upon her to make that clear to the Court. She did not do so and cannot pursue that claim on appeal. A party's claims cannot be raised for the first time on appeal. See *Bull v. Pinkham Eng'g Assocs.*, 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

Tenant/Appellant claims that the Small Claims Court erred by miscalculating the unpaid rent due at the termination of the tenancy and rejecting her counterclaim arising out of the behavior of another tenant. However, she did not appeal. Generally, an appellate court will not consider claims of error from a party who did not appeal. See *Ryan v. Penn Jersey Boiler Const. Co.*, 134 Vt. 341, 341 (1976) ("The defendant, however, has taken no appeal from the judgment. We therefore do not consider the arguments now raised in its brief.").

To the extent that either party submitted new evidence on appeal that was not in the record before the Small Claims Court, the court cannot consider it. "[A]n appellate court ordinarily 'has no factfinding function. It cannot receive new evidence from the parties, determine where the truth actually lies, and base its decision on that determination.'" *Nat'l Anti-Hunger Coal. v. Exec. Comm. of President's Private Sector Survey on Cost Control*, 711 F.2d 1071, 1075 (D.C. Cir. 1983) (quoting *Goland v. CIA*, 607 F.2d 339, 371 (D.C.Cir. 1979) (per curiam)).

<u>Order</u>

For the foregoing reasons, the Judgment of the Small Claims Court is affirmed.

Dated at Montpelier, Vermont this _____ day of February 2018.

<br>

_____
Mary Miles Teachout,
Superior Judge

2