### Thelma Prior Paul v. Raymond E. Prior and Mildred Prior Spartichino

[404 A.2d 105]

No. 324-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

*Richard A. Gadbois,* Enosburg, for Plaintiff.

*John C. Gravel* of *Gravel, Shea & Wright,* Burlington, for Defendants.

**Per Curiam.** In a statutory action for partition, the parties filed a stipulation that they were tenants in common of the real estate in question, and that commissioners might be appointed to make partition. Subsequent to making such appointment, the trial court dismissed the action as barred by the statute of limitations.

The statute of limitations is an affirmative defense, required to be pleaded. V.R.C.P. 8(c). Admitting there was no such pleading in this case, or any motion to amend the pleadings, appellees claim that the matter was raised on argument and discussed without objection, thereby being put in issue under V.R.C.P. 15(b).

██ Whatever the force of this argument, it cannot prevail in the face of two other factors. The first is the stipulation that the parties were entitled to partition, a clear waiver of any claim under the statute of limitations. The second is the nature of a claim for partition. It exists wherever there are tenancies in common, and is a continuing right. *Coolidge* v. *Coolidge,* 130 Vt. 132, 134, 287 A.2d 566, 568 (1971); 12 V.S.A. § 5161. If tenants in common are satisfied with that status, there is no compulsion to change it by resort to legal remedy. Each has the same right, and the limitation runs only against a tenant in common who has been excluded from possession, as of the time of such exclusion. See *Hegarty* v. *Curtis,* 121 Ind. App. 74, 88, 95 N.E.2d 706, 712 (1950).

*Reversed and remanded.*