2002 ME 33

**TOWN OF CARMEL**

v.

**Earle McSORLEY et al.**

Supreme Judicial Court of Maine.

Argued: Dec. 4, 2001.
Decided: Feb. 22, 2002.

Daniel J. Mitchell (orally), Gregory M. Cunningham, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiff.

Arthur J. Greif (orally), Gilbert & Greif, P.A., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, and CALKINS, JJ.

SAUFLEY, C.J.

[¶ 1] Earle McSorley appeals from an order entered in the Superior Court (Penobscot County, *Mead, C.J.*) denying his motion for relief from judgment and from an order entered in the District Court (Newport, *MacMichael, J.*) denying his motion for relief from judgment in that court.[1] McSorley contends that: (1) the District Court lacked subject matter jurisdiction to determine an easement dispute; (2) the Superior Court's factual findings are clearly erroneous; and (3) the Superior Court erred in imposing contempt penalties on him. We affirm both judgments.

## I. BACKGROUND

[¶ 2] Earle McSorley owns a gravel pit along a stretch of the Horseback Road in the Town of Carmel. Following the Town's filing of a complaint against McSorley in 1993 in the Superior Court and a jury-waived trial in 1994, the court (Penobscot County, *Mead, J.*) found that McSorley's pit constituted a nuisance because its steep slope compromised the safety and stability of the Horseback Road roadbed above the pit and could therefore lead to a collapse of the road.[2] The court concluded that the pit did not comply with the requirements of the small borrow pits statute, 30–A M.R.S.A. § 3105 (1996),[3] and

1. The appeals have been consolidated for purposes of our review.

2. The Town's complaint and the court's subsequent order were directed at two other gravel pit owners as well, Donald Hewes and Barry Higgins. Because McSorley is the only party who appeals, however, we recite the facts and procedure of the case only as they relate to McSorley.

3. The statute provides:
   A. All borrow pits subject to this subsection shall comply with the following requirements.
   (1) The average slope of any cut bank measured from a point located 10 feet from the boundary of any abutting property to the bottom of the cut bank in the pit shall not exceed a horizontal to vertical ratio of 2:1. The owner of the borrow pit is responsible for maintaining this condition.
   (2) The top of the cut bank of the borrow pit shall, at no time, be closer than 10 feet from the property boundary of any abutting landowner.
   30–A M.R.S.A. § 3105 (1996). A "borrow pit" is defined as "a mining operation undertaken primarily to extract and remove sand, fill or gravel." 38 M.R.S.A. § 482(1–A) (2001).

ordered McSorley to refill and regrade the pit to establish an average slope of 2:1. McSorley did not appeal the court's order.

[¶ 3] In 1997, the Town filed a complaint for declaratory judgment in the District Court against McSorley. The District Court (Newport, *MacMichael, J.*) issued an order determining the location of the Town's public easement in the Horseback Road, a determination necessary for measurement of the bank of the pit to determine its average slope. McSorley did not appeal that order.

[¶ 4] In 1999, the Superior Court found that McSorley was in contempt for failing to comply with its order to refill and regrade his gravel pit, and imposed the maximum civil penalty for violation of section 3105, fifty dollars per day. *See* 30-A M.R.S.A. § 3105(1)(F) (1996). In 2000, the Superior Court found that McSorley was still in contempt for failing to comply with its order to refill and regrade his gravel pit, and imposed an additional monetary sanction. McSorley did not appeal either contempt judgment. In 2001, McSorley moved for relief from the Superior Court's contempt orders. The court denied the motion and concluded that although McSorley was capable of compliance, he had not yet complied with the court's prior order. McSorley then moved for relief from the judgment of the District Court determining the Town's easement in the Horseback Road, and argued that the District Court lacked jurisdiction to determine the easement dispute. The District Court denied the motion. McSorley appeals both orders denying the motions for relief from judgment.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

[¶ 5] McSorley first contends that the District Court lacked subject mat-

ter jurisdiction to determine the location of the Town's public easement in the Horseback Road. The jurisdiction of the court is a matter of law to which we afford de novo review. *Francis v. Pleasant Point Passamaquoddy Hous. Auth.*, 1999 ME 164, ¶ 5, 740 A.2d 575, 577. Unlike other motions for relief from judgment, those challenging the validity of a judgment pursuant to M.R. Civ. P. 60(b)(4) for lack of jurisdiction are not subject to the discretion of the trial court because "[a] challenged judgment is either valid or void." *Boyer v. Boyer*, 1999 ME 128, ¶ 6, 736 A.2d 273, 275. "A judgment is void and must be vacated if the court issuing the judgment lacks subject matter jurisdiction." *Id.*

[¶ 6] The District Court's jurisdictional authority in this matter is based on 4 M.R.S.A. § 152(5)(O)(3), which provides, "... [T]he District Court may grant equitable relief ... [in a]ctions in which the pleading demands a judgment ... [o]therwise affecting title to any real property ...." 4 M.R.S.A. § 152(5)(O)(3) (Supp. 2001). McSorley argues for a limited interpretation of this delegation of authority, and contends that because the judgment merely affected the use of the Horseback Road and not title to the road, no jurisdiction was conferred on the District Court pursuant to section 152.

[¶ 7] McSorley has not met his burden of establishing "affirmatively from the face of the record that the court lacked [subject matter] jurisdiction." *See Boyer*, 1999 ME 128, ¶ 6, 736 A.2d at 275–76 (quoting *Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 366 (Me.1972)). McSorley's restrictive reading of the term "title" ignores the well-established concept that title is composed of elements of ownership, possession, and custody, and that an easement is a form of an encumbrance on title. *See* BLACK'S LAW DICTIONARY 1493 (7th Ed.1999) (defining title); 14 M.R.S.A.

§ 6651 (1980) (permitting commencement of an action to quiet title by the possessor of real property). Indeed, we have decided other matters involving easement determinations made by the District Court. *See, e.g., Pettee v. Young,* 2001 ME 156, ¶ 6, 783 A.2d 637, 639.

■ [¶ 8] Moreover, contrary to McSorley's contention, the concurrent authority of the Town's municipal officers, allowing them to define easement boundaries pursuant to 23 M.R.S.A. § 2101 (1992),[4] does not deprive the District Court of its jurisdiction. No part of section 2101 suggests that it is an exclusive remedy. To hold that it is an exclusive remedy would prevent private property owners from seeking relief in this type of boundary dispute in any judicial forum, a result the Legislature could not have intended. We also find McSorley's contention that the Town's failure to join all abutters to the Horseback Road deprived the District Court of jurisdiction to be without merit. The District Court did not err in determining that section 152(5)(*O*)(3) confers jurisdiction to decide easement disputes.

B. Compliance With Order to Refill and Regrade Gravel Pit

■ [¶ 9] McSorley next challenges the Superior Court's finding that he failed to comply with the court's previous order to refill and regrade his gravel pit. We will set aside a finding of fact only if there is no competent evidence in the record to support it. *State v. Bartlett,* 661 A.2d 1107, 1108 (Me.1995). The fact-finder is permitted to adopt any version of the evidence and to draw any reasonable inferences that flow from the testimony. *Id.* In this case, ample evidence was presented by the Town from which the court could find a continued failure to comply, including the testimony of Richard Perry, the Town's surveyor. Thus, the court did not err in finding continued noncompliance with its previous order.

■ [¶ 10] McSorley also contends that the Superior Court erred in determining that he has the future ability to comply with the court's order despite of his failing health and financial circumstances. The court must consider the "contemnor's power to perform the act required or refrain from doing the prohibited act." M.R. Civ. P. 66(c)(3)(B), 66(d)(2)(D)(ii). Because the court had previously determined that McSorley was in contempt and able to comply, it was McSorley's burden on the motion for relief from judgment to demonstrate that he was no longer able to comply. *See KeyBank Nat'l Ass'n v. Sargent,* 2000 ME 153, ¶ 13, 758 A.2d 528, 533. He failed to present sufficient facts on which the court could find that he was unable to comply.[5] Therefore, the court did not exceed the bounds of its discretion in deny-

---

4. Section 2101 provides in pertinent part:

    When the true boundaries of highways or town ways duly located, or of which the location is lost, or which can only be established by user, are doubtful, uncertain or lost, the county commissioners of the county wherein such highway or town way is located, upon petition of the municipal officers of the town wherein the same lies, shall, after such notice thereon as is required for the location of new ways, proceed to hear the parties, examine said highway or town way, locate and define its limits and boundaries by placing stakes on side lines at all apparent intersecting property lines and at intervals of not more than 100 feet and cause durable monuments to be erected at the angles thereof at the expense of the town wherein said highway or town way lies, make a correct return of their doings, signed by them, accompanied by an accurate plan of the way.

    23 M.R.S.A. § 2101 (1992).

5. McSorley made only a few general references to back ailments and the failure of his construction business in his testimony.

ing McSorley's motion for relief from the contempt judgments for inability to comply. *See id.* McSorley's remaining contentions on appeal do not require discussion.

The entry is:

Judgments affirmed.