2004 ME 93

**Richard N. CUMMINGS Sr.**

v.

**David BEAN.**

Supreme Judicial Court of Maine.

Submitted On Briefs: May 27, 2004.
Decided: July 23, 2004.

Barbara L. Raimondi, Esq., Verne E. Paradie, Esq., Trafton & Matzen, Auburn, for plaintiff.

Thomas F. Hallett, Esq., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] David Bean appeals from an order entered in the District Court (South Paris, *Beliveau, J.*) denying his motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(4). The court had previously entered a judgment awarding Richard Cummings Sr. money damages against Bean on Cummings's quantum meruit claim. Bean contends that the court erred by not granting his motion for relief from judgment because the court did not have subject matter jurisdiction to award quantum

meruit relief, and therefore the judgment is void. We conclude that the court had subject matter jurisdiction and affirm.

## I. BACKGROUND

[¶ 2] Richard Cummings Sr. is an experienced contractor who entered into an oral agreement with David Bean in 2000 for Cummings to make substantial structural renovations to Bean's camp in Canton, Maine. Cummings agreed to solidify the foundation, replace rotten wood, and install siding and insulation. The parties did not agree on the specific cost of the renovations and never entered into a written agreement.[1]

[¶ 3] Cummings began construction in June 2000, and Bean issued Cummings a check for $10,000 in July for the work that Cummings had already performed. Bean issued Cummings another check for $10,000 in August. Sometime around August 12, 2000, Cummings informed Bean that the cost of completing the job would amount to over $50,000, in addition to the $20,000 already paid. Cummings continued to work on the project until September 8, 2000, when Bean informed Cummings that he would not pay the additional $50,000.

[¶ 4] Cummings filed a complaint in the District Court against Bean on January 7, 2002, asserting claims for the general collection of money owed, unjust enrichment, quantum meruit, and violation of the "prompt payment" statute, 10 M.R.S.A. § 1113 (1997). Bean answered and counterclaimed, arguing that Cummings violated the Home Construction Contracts Act (HCCA), 10 M.R.S.A. §§ 1486–1490 (1997), and seeking attorney fees pursuant to the

Unfair Trade Practices Act (UTPA), 5 M.R.S.A. §§ 205–A to 214 (2002).

[¶ 5] The court entered judgment for Cummings in the amount of $24,133.82 pursuant to his quantum meruit claim and entered judgment for Bean in the amount of $1000 for Cummings's violation of the HCCA. The court concluded that Cummings did not use reasonable efforts to mitigate damages after August 12, 2000, when Bean informed him of Bean's disapproval of the price, and that Cummings should not recover for any services or materials provided to Bean after that date. The court also concluded that because there was a quasi-contractual relationship between the parties, Cummings was not entitled to relief on his alternate theory of unjust enrichment.

[¶ 6] Bean did not appeal from the judgment. Instead, he filed a motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(4) after the expiration of the appeal period, arguing that the court lacked subject matter jurisdiction over quantum meruit claims and that the judgment was void. The court denied the motion, concluding that 4 M.R.S.A. § 152(2) (Supp. 2003) confers jurisdiction of quantum meruit claims on the District Court. This appeal followed.

## II. DISCUSSION

[¶ 7] We review questions of law, such as a challenge to subject matter jurisdiction, de novo. *Town of Carmel v. McSorley*, 2002 ME 33, ¶ 5, 791 A.2d 102, 105. "A challenged judgment is either valid or void and thus a motion for relief pursuant to M.R. Civ. P. 60(b)(4) is not subject to the discretion of the court."

---

1. However, the parties understood that the cost would exceed $1400. The Home Construction Contracts Act (HCCA), 10 M.R.S.A. §§ 1486–1490 (1997) provides in pertinent part that a "home construction contract for more than $1,400 in materials or labor must be in writing," *id.* § 1487.

*Boyer v. Boyer,* 1999 ME 128, ¶ 6, 736 A.2d 273, 275.

[¶ 8] Bean contends that quantum meruit is an equitable claim and that the court's judgment awarding damages was void because there is no general grant of equity jurisdiction to the District Court and quantum meruit, unlike unjust enrichment, is not one of the specific grants of equity jurisdiction provided in 4 M.R.S.A. § 152(5).[2]

[¶ 9] Unlike the theory of unjust enrichment, which is firmly rooted in equity, quantum meruit is "an issue triable of right by a jury" and is, therefore, an action sounding in law, not equity. *Bowden v. Grindle,* 651 A.2d 347, 351 (Me.1994); *see also Paffhausen v. Balano,* 1998 ME 47, ¶¶ 6–9 & n. 3, 708 A.2d 269, 271–72. As we noted in *Paffhausen,* a claim for relief pursuant to quantum meruit seeks "recovery for services or materials provided under an implied contract." 1998 ME 47, ¶ 6, 708 A.2d at 271. Unjust enrichment, on the other hand, provides damages based on principles of equity, not contract, and awards the successful party the value of benefits conferred on another when no contract exists. *Id.*

[¶ 10] Cummings's complaint sought monetary relief from Bean in the amount of $49,375.04, which was the determined final cost of completing the construction project less the payments Bean already made. The court concluded that there was an implied contract between Cummings and Bean based upon its findings that the parties, through their actions, attempted to enter into a valid contract but failed by never effectuating a written contract. The court also concluded that Cummings could not recover pursuant to his claim of unjust enrichment due to the presence of a quasi-contractual relationship.

[¶ 11] Because quantum meruit is a legal claim for monetary damages, the District Court had subject matter jurisdiction over Cummings's claim pursuant to 4 M.R.S.A. § 152(2).

The entry is:

Judgment affirmed.

---

2. Title 4 M.R.S.A. § 152 (Supp.2003) provides in pertinent part that the District Court has jurisdiction in:

2. Civil actions for money damages. Original jurisdiction, concurrent with that of the Superior Court, of all civil actions when no equitable relief is demanded, except those actions for which exclusive jurisdiction is vested in the Superior Court by statute;

. . .

5. Other actions. Original jurisdiction, concurrent with that of the Superior Court, of the following types of actions, and in these actions the District Court may grant equitable relief:

. . .

J. Actions for relief in cases of fraud, duress, unjust enrichment, trust, accident or mistake; [and]

. . .

Q. Actions in which the equitable relief is sought through an equitable defense, a counterclaim, a cross-claim or other responsive pleading or reply permitted by the Maine Rules of Civil Procedure[.]

*Id.* § 152(2), (5)(J), (5)(Q).