STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-100

CUM-REC-4/3//06

ATLANTIC REGIONAL
FEDERAL CREDIT
UNION

Plaintiff

v.

ORDER ON
DEFENDANTS'
MOTION FOR A TRIAL
OF THE FACTS

ROBERT and MARY ANN
BAIZLEY

Defendants

## BEFORE THE COURT

Before the court is defendants Robert and Mary Ann Baizley's ("Defendants") request for a trial de novo by jury in the Superior Court, pursuant to M.R.Civ.P. 80D(f)(2) of their 80D appeal of a December 22, 2005 District Court order granting plaintiff Atlantic Regional Credit Union ("Atlantic Regional") possession of three items of personal property owned by Defendants.

## STATEMENT OF FACTS

Defendants are owners of a 1999 Mercedes Benz ("Mercedes"), a 1999 Doral Model 185 Bow Ride boat with trailer ("Doral"), and a 1989 Mercruiser Port motor boat ("Sea Ray"). Atlantic Regional has a security interest in all three of these items, though its security interest in the Mercedes may extend only as far as Robert Baizley's interest in the vehicle. On December 12, 2005, Atlantic Regional filed a FED complaint with the District Court in Portland, pursuant to 14 M.R.S.A. § 6012, claiming that Defendants had defaulted on their loan agreements with Atlantic Regional and that, accordingly, they were entitled to

possession of these items. Atlantic Regional provided documentation of Defendants' loan and security agreements, and a copy of a Chapter 7 bankruptcy petition filed by Robert Baizley on June 3, 2005.

On December 22, 2005, after a hearing in which both parties appeared, the District Court awarded Atlantic Regional possession of the Mercedes, the Doral, and the Sea Ray. On December 29, 2005, Defendants appealed this decision to the Superior Court and requested a jury trial de novo.

On appeal, Defendants claim (1), Portland was not the proper venue in which to commence the FED action, as all three items of property are located in New Hampshire, (2) the Sea Ray vessel is a federally documented vessel and is subject to the exclusive jurisdiction of the federal courts, and (3) the Mercedes is jointly owned by Defendants but only Robert Baizley granted a security interest in the vehicle to Atlantic Regional, and consequently it does not have a security interest in Mary Ann Baizley's half-interest.

In addition to disputing the District Court's legal determinations, Defendants assert that they are entitled to jury trial de novo in the Superior Court. Atlantic Regional claims that Defendants are not entitled to a trial by jury because (1) a FED action to obtain possession of personal property is a matter in equity for which there is no right to a trial by jury and, (2) even if Defendants are theoretically entitled to a trial de novo by jury, they failed on appeal to demonstrate a genuine issue of material fact invoking the right to trial by jury.

## DISCUSSION

In seeking to obtain possession of the items at issue, Atlantic Regional filed a FED action pursuant to 14 M.R.S.A. § 6012. § 6012(2) provides for an

appeal of the District Court's decision to Superior Court, and also states, "any issue triable by right by a jury may be appealed to a trial de novo in the Superior Court." Defendants assert that they are entitled to a trial by jury in Superior Court on the question of whether Mary Ann Baizley granted a security interest in her half of the Mercedes to Atlantic Regional.[1] Defendants are entitled to try this question in Superior Court before a jury unless it is affirmatively shown that they would not have been entitled to a jury trial in such a case in 1820. *See North School Congregate Housing v. Merrithew*, 558 A.2d 1189, 1190.

In an action under 14 M.R.S.A. § 6012, "the plaintiff shall produce the best available evidence under which the plaintiff claims an interest in the personal property" and "the defendant then shall show why possession of the property should not be delivered immediately to the plaintiff." Atlantic Regional contends that this statutory proceeding, which was codified in 1973, most closely resembles an action for "equitable replevin," for which no trial by jury has historically been available. *See Farnsworth v. Whiting*, 106 Me. 430, 435, 76 A. 909, 911 (1910); *see also Cyr v. Cote*, 396 A.2d 1013, 1020 fn. 8 (stating, "*Farnsworth v. Whiting* stands for the unassuming proposition that [an equitable replevin suit] does not entitle the parties to a jury trial.") This argument ignores the fact that Atlantic Regional chose to proceed under the FED statute, rather than under the equitable replevin statute, which is found at 14 M.R.S.A. § 6051 (11). These two actions, under § 6012 and § 6051, require different proof and prescribe different procedures for obtaining personal property. Atlantic Regional elected the FED

---

[1] Defendants also contend that they are entitled to a trial by jury on the question of whether Mary Ann Baizley owned an undivided half-interest in the Mercedes. However, Atlantic Regional does not dispute that Mary Ann Baizley jointly owned the Mercedes with Robert Baizley. *See* Plaintiff's Response at p. 4. Accordingly, there is no need for a jury trial on this issue, as it was not determined by the District Court and it is conceded by Atlantic Regional. Any legal implications of this fact are to be determined by the court on appeal, not by a jury.

action over the equitable replevin action, which allowed it to obtain an order for immediate possession of the Defendants' property in a summary proceeding before the District Court. By contrast, the equitable replevin statute requires proceedings before the Superior Court, and apparently would require Atlantic Regional to offer proof that they cannot obtain satisfaction of their debt through attachment or writ in order to obtain equitable relief. *See* 14 M.R.S.A. § 6051(11). Atlantic Regional either could not or chose not to proceed before the Superior Court under this requirement. Accordingly, the court rejects Atlantic Regional's assertion that this action is the equivalent of equitable replevin. Nor has the court uncovered any other affirmative evidence that Defendants, in the year-1820 equivalent of this action, would have not had the right to a jury trial. *See Merrithew*, 558 A.2d at 1190. Defendants have shown that there exists a genuine issue of material fact, and the court can find no affirmative basis to deny a right to trial by jury concerning this fact. *See id.*

**The entry is:**

> Defendants' request for a trial de novo by jury is GRANTED as to the question of whether Mary Ann Baizley granted a security interest in her half of the Mercedes to Atlantic Regional.

Dated at Portland, Maine this 2 4ᵗʰ day of April , 2006.

Robert E. Crowley
Justice, Superior Court

4

Attys of record -

Daniel Cummings, Esq -
Pltf

John Campbell, Esq -
Def.

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-05-100

Ktc - Cum - 13

ATLANTIC REGIONAL FEDERAL
CREDIT UNION

Plaintiff

**ORDER ON DEFENDANTS'
APPEAL PURSUANT TO M.R.
Civ. P. 76D & 80D(f)(1)**

v.

ROBERT and MARY ANN BAIZLEY

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAY 15 2007

This case comes before the Court for decision on Defendants' appeal of a district court judgment of forcible entry and detainer per M.R. Civ. P. 76D and 80D(f)(1).

## BACKGROUND

Plaintiff Atlantic Regional Federal Credit Union ("ARFCU") is a federal credit union doing business in Brunswick, Maine. Defendants Robert and Mary Ann Baizley ("the Baizleys") reside in Portland, Maine. In January 2003, Mr. Baizley arranged to borrow money from ARFCU to purchase a 1999 Mercedes Benz via a purchase money security agreement. Under the agreement, ARFCU would disburse money for the purchase and it would acquire a security interest in the Mercedes. In March 2004, the Baizleys both executed a second purchase money security agreement with ARFCU to buy a 1989 Sea Ray boat. When it provided funding for the purchase, ARFCU also acquired a security interest in the boat, which it perfected by filing it with the Secretary of State. In May 2003, Mr. Baizley also executed a third purchase money security agreement with

1

ARFCU to purchase a 1999 Doral boat. ARFCU now contends that Mr. Baizley is in default under the first and third agreements, and that both Mr. and Mrs. Baizley are in default under the second agreement, because they did not make timely payments or maintain insurance. ARFCU demanded that the Baizleys return the property, but they did not do so; therefore, ARFCU alleged that the terms of all three plans allow it to retake possession of the vehicles.

In June 2005, Mr. Baizley filed for Chapter 7 bankruptcy. In his voluntary petition, ARFCU is listed as the secured priority creditor for all three of the above loans. The Baizleys state that after granting Mr. Baizley a discharge of indebtedness, the bankruptcy estate returned the boat to them.[1] ARFCU then brought a complaint for forcible entry and detainer in December 2005 in Portland District Court. The trial court granted a judgment for forcible entry and detainer of the Mercedes and both boats on December 22, 2005.[2] On December 29, the Baizleys filed this appeal. They argue that the action for forcible entry and detainer should not have been brought in state court as to the Sea Ray because it is a federally documented vessel, and federal law applies to federally documented vessels.[3] Additionally, they contend that the Mercedes should not be subject to repossession because only Mr. Baizley granted a security interest in the vehicle, but the couple owns it jointly.

This Court granted a stay of execution of the writ for forcible entry and detainer while this appeal was pending. After consideration of the Baizleys' argument that they were entitled to a jury trial de novo per M.R. Civ. P 80D(f)(2),

---

[1] The bankruptcy trustee was William Howison, BR Docket No. 05-21021. No documents from the bankruptcy proceedings are in the record, with the exception of the original petition.
[2] There is no transcript of this proceeding in the record.
[3] The Baizleys have conceded that ARFCU has the right to possess the Doral and have made arrangements to transfer possession of the boat.

this Court found that the issue of jurisdiction over the boat is a legal question and the Baizleys were not entitled to a jury trial on that claim. Although the Court found that there was a genuine issue of material fact as to Mrs. Baizley's ownership interest in the Mercedes, the parties stipulated to that fact for purposes of appeal, leaving another purely legal issue for this Court to resolve – whether the trial court erred when it found that ARFCU was entitled to possession of the Mercedes.

## DISCUSSION

1. <u>Standard of Review</u>.

A party may appeal a judgment of the district court to the superior court. M.R. Civ. P. 76D. When the appeal is from a judgment of forcible entry and detainer, "either party may appeal . . . on questions of law." M.R. Civ. P. 80D(f)(1). Absent a transcript, the appellate court will presume that the record would support the trial court's "findings and discretionary choices." *Rothstein v. Maloney*, 2002 ME 179, ¶ 11, 816 A.2d 812, 813.

The parties have agreed that this Court's review will be limited to determining whether the district court's order for forcible entry and detainer was proper as to the Mercedes and Sea Ray. These questions of law are subject to de novo review on appeal. *Francis v. Pleasant Point Passamaquoddy Hous. Auth.*, 1999 ME 164, ¶ 5, 740 A.2d 575, 577; *Town of Carmel v. McSorley*, 2002 ME 33, ¶ 5, 791 A.2d 102, 105.

2. <u>Did the trial court err in granting possession of the jointly owned Mercedes to ARFCU if only Mr. Baizley granted it a security interest?</u>

The Baizleys contend that the court should not have ordered possession of the Mercedes because, while they are jointly listed on the title to the vehicle, only

3

Mr. Baizley granted ARFCU a security interest in the vehicle. For purposes of this appeal only, the parties have agreed to assume that Mrs. Baizley did not grant ARFCU a security interest in her undivided one-half interest in the Mercedes. Nevertheless, ARFCU argues that even though only Mr. Baizley signed the loan documents, Mrs. Baizley knew that ARFCU was entitled to a security interest in the vehicle and acquiesced in that interest.

Maine has adopted the provisions of the Uniform Commercial Code. The code provides that "[a] security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral," unless otherwise provided. 11 M.R.S. § 9-1203(1) (2005). Enforceability is generated when "[v]alue is given, [t]he debtor has rights in the collateral," and other conditions are met, including a "security agreement." *Id.* at § 9-1203(2). In some circumstances, documents outside of the security agreement may be considered with other documents "as parts of the same transaction." *See Casco Bank & Trust Co. v. Cloutier*, 398 A.2d 1224, 1231 (Me. 1979) (addressing enforceability of a security interest by considering the relationship between a financing statement, loan application, and promissory note).

Here, Mr. Baizley signed the loan agreement and is therefore bound by its terms, which included that the vehicle would be collateral for the loan. The loan agreement was executed approximately two weeks before the State issued the title jointly in the Baizleys' names. Although Mrs. Baizley did not sign the agreement, the title to the vehicle recognizes ARFCU as the first and only lienholders, putting her on notice that the Mercedes was encumbered. As ARFCU contends, it makes sense to consider the loan application and application for title to the vehicle as parts of the "same transaction" under *Cloutier*. It is

4

illogical to imagine that Mrs. Baizley would not know that a vehicle of which she was a joint owner was obtained via a financing arrangement, especially where the title itself recognizes the lien. It is also illogical to suggest that the bank is only entitled to recover one-half of the value of the car when Mr. Baizley received a loan for the full purchase price and executed a loan document offering the vehicle as security for that debt. At any rate, ARFCU's interest preceded any partial ownership transfer that occurred between the Baizleys and cannot be overridden by any such transfer.[4]

Because it cannot be said that the trial court erred in determining that ARFCU was entitled to possession of the Mercedes, its judgment against the Baizleys regarding this vehicle is affirmed.

3. Did the trial court lack subject matter jurisdiction to rule on the right of possession of the Sea Ray because the boat was a federally documented vessel?

The Baizleys also argue that because they filed federal papers to register the Sea Ray, Maine state courts do not have jurisdiction over the vessel per the Ship Mortgage Act of 1920 ("the Act"). ARFCU contends that the state courts do have jurisdiction over this default, that the federal registration expired prior to the filing of this action, and that it was not required to bring suit in federal court because it did not have a preferred mortgage under the federal statute.

This Court first addresses whether it can assume jurisdiction of this case in light of the Act. Despite the original jurisdiction of the federal courts, some federal courts have held that the Ship Mortgage Act was not intended to

---

[4] The Law Court has noted that conveyances between spouses "are to be closely scanned when the rights of his [the husband's] creditors are concerned." *Maxwell v. Adams*, 130 Me. 230, 235, 154 A. 904, 907 (1931).

5

preclude state remedies for defaulting on boat loans. *See Dietrich v. Key Bank,* 72 F.3d 1509, 1517 (11th Cir. 1996). In *Dietrich,* the United States Court of Appeals for the Eleventh Circuit faced an issue almost identical to that currently confronting this Court: whether federal law is the sole remedy for vessel lien enforcement, or whether "state self-help repossession and resale procedures" are also available when they are part of a contract. *Id.* at 1511. There, the plaintiff had purchased a fishing vessel and executed an agreement granting the defendant bank a security interest in it. *Id.* After the plaintiff defaulted, the bank took possession of the boat and sold it; ultimately, the plaintiff sued the bank. *Id.* Her subsequent appeal of a deficiency judgment following the sale gave the court occasion to determine whether her remedy rested with federal or state law. *Id.* at 1512.

In *Dietrich,* the court explained that prior to the existence of the Ship Mortgage Act of 1920, "vessel mortgage liens could not be enforced in admiralty court," leaving creditors virtually unprotected because at the time, it was difficult to enforce liens at the state level. *Id.* The Act, therefore, created a remedy in admiralty courts, which the legislature believed would "encourage investment in shipping." *Id.* at 1513. Addressing the plaintiff's federal preemption argument, the Court stated that the Act's only reference to preemption pertained to state statutes that provided a civil action "in rem against the vessel for necessaries." *Id.* (*citing* 46 U.S.C. § 31307). Because there is no language in the federal statute evincing legislative intent to completely preempt state law remedies, the court then assessed whether preemption could still apply due to a conflict between the Act and state law, or due to Congress's intent to occupy the field. *Id.* (*citing Cipollone v. Liggett Group, Inc.,* 499 U.S. 935 (1992)).

6

According to the *Dietrich* court, neither circumstance indicated that the Act preempted state law. *Id.* at 1514. Specifically, the court determined that the Act was intended to "promote ship financing," and that allowing a creditor to pursue state law remedies against a debtor "does not undermine this purpose." *Id.*

In a more recent case, the United States District Court for the District of Massachusetts stated that federal jurisdiction under § 31325 "is not exclusive, indicating that Congress did not intend that all actions involving mortgages on vessels be resolved in federal court." *Sovereign Bank v. Bowditch Boat Holdings, LLC*, 376 F. Supp. 2d 3, 6 (D. Mass. 2005). There, the bank had filed suit in state court "to enforce a commercial promissory note," and the defendant removed the case to federal court because it believed that court had jurisdiction under § 31325. *Id.* at 4. Because it found that § 31325 did not confer exclusive jurisdiction on federal courts, the Court remanded the case to the state court. *Id.* at 6. It also explained that because the bank chose not to foreclose or to sue under federal law, the "defendant may not, by citing . . . federal statutes upon which the complaint could have been based, transform this action into one over which this Court has jurisdiction." *Id.*

This Court finds the reasoning of the *Dietrich* and *Bowditch* courts to be persuasive, and it is dispositive of this issue. It is true that the Act provides a federal procedure for lien enforcement when a preferred mortgage is involved; however, as noted above, this remedy is not the sole remedy of a lender who is pursuing a defaulting debtor.[5] For jurisdiction under § 31325(c) to be "exclusive

---

[5] This Court need not address ARFCU's argument that it did not have a "preferred mortgage" within the meaning of § 31325 because, as previously discussed, it was permitted to seek redress in state courts. It is important to note, however, that failure to perfect the lien at a federal level

7

of the courts of the states," ARFCU would have had to pursue a civil action in rem against the boat in federal court, which it did not. While ARFCU could have exercised its option to address the default in federal court, it properly elected to pursue remedies for default under Maine law. Accordingly, the trial court had jurisdiction to address the Baizleys' default on the boat lien even though the Sea Ray may at some point have been a federally documented vessel. Due to the Baizleys' admission of default, the district court correctly determined that ARFCU was entitled to possession of the Sea Ray because the boat secured the debt.

The entry is:

Defendants' appeal is DENIED. The stay of issuance of the writ of possession is terminated. The matter is remanded to the district court for issuance of the writ of possession.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _January 3/, 2007_

Robert E. Crowley
Justice, Superior Court

---

does not render ARFCU's lien invalid, as federal recordation is not required when the mortgage is "against . . . the grantor, mortgagor, or assignor." 46 U.S.C. § 31321(a)(1)(A).

8

Date Filed  12/29/05          CUMBERLAND          Docket No.  AP-05-100
                                County

Action  APPEAL FROM DISTRICT COURT

ATLANTIC REGIONAL FEDERAL CREDIT UNION          ROBERT BLAIZLEY
                                                MARY ANN BLAIZLEY

                                        vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DANIEL CUMMINGS, ESQ.<br>PO BOX 4600<br>PORTLAND, ME 04112-4600 | JOHN CAMPBELL, ESQ.  w/d<br>PO BOX 369<br>PORTLAND, ME 04112<br><br>NICHOLAS WALSH ESQ |

| Date of<br>Entry | |
|---|---|
| 2005 | |