STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO: RE-07-090/
RE-07-091

BILL WHORFF, INC.,

Plaintiff,

**ORDER**

v.

BREAKWATER DESIGN & BUILD, INC.

Defendant,

And

ATLAS ENTERPRISES, LLC,

Defendant.

This case comes before the Court on Plaintiff Bill Whorff, Inc.'s Motion for

Summary Judgment pursuant to M.R. Civ. P. 56(c) and Defendant Atlas Enterprise,

LLC's Motion to Strike.

### PROCEDURAL AND FACTUAL BACKGROUND

The dispute in this case arises from the design and construction of Sunset

Terrace Subdivision, Boothbay Harbor Maine (the "Project"). Defendant Atlas

Enterprise LLC (Atlas) is the owner of the property. Defendant Breakwater

Design & Build, Inc. (Breakwater) was the general contractor on the Project and

Plaintiff Bill Whorff, Inc. (Whorff) was the subcontractor on the Project.

Beginning in May 2005, Atlas and Breakwater entered into two contracts

for the design and creation of the infrastructure of the Subdivision. The first

contract, entered into on May 11, 2005 was for the design of the subdivision. The

second contract, entered into in October 2005, was for the building of the infrastructure of the Subdivision.

On October 10, 2005, Breakwater and Whorff entered into several subcontractor contracts for the construction of the Subdivision infrastructure. Under the terms of that contract, Whorff was to provide monthly invoices for services rendered. Payments were timely made until April 30, 2006. Whorff last provided labor, services and materials for the Project on July 31, 2006.

On September 18, 2006, Whorff recorded a Notice of Mechanics' Lien Claim in Lincoln County Registry of Deeds in Book 3739, Page 226 in order to preserve a statutory mechanics' lien on the Property pursuant to 10 M.R.S.A § 3251.

Whorff alleges that Breakwater and Atlas owe unpaid invoices totaling $105,400.00. Breakwater concedes that it has failed to pay Whorff's invoices and concurs in the amounts due, contingent upon completion of the Project. Breakwater defends its failure to pay Whorff asserting that Whorff has not completed its obligations under the contracts and further that Breakwater is not obligated to pay Whorff until Atlas has honored its contract with Breakwater by paying on submitted invoices. Atlas, in turn defends by asserting that 1) it has paid Breakwater for the amounts owed to Whorff under the subcontracts, and 2) Breakwater misrepresented the cost of the Project and failed to adequately research the actual cost. Based on this failure to research, Atlas asserts, Breakwater has billed an excessive and unconsented-to amount under that contract.

# DISCUSSION

## I. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

"A court may properly enter judgment in a case when the parties are not in dispute over the [material] facts, but differ only as to the legal conclusion to be drawn from these facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994). "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. If ambiguities exist, they must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685. It should be noted that "although summary judgment is no longer an extreme remedy, it is not a substitute for trial." *Arrow Fastener co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 a.2d 123, 127 (*citing Curtis*, 2001 ME 158, ¶ 7, 784 A.2d at 21-22).

## II. Mechanics' Liens

Whorff timely filed a mechanics' lien against the subject property on September 18, 2006 and now seeks enforcement of that lien. Mechanics' liens are available to "[w]hoever performs labor or furnishes labor or materials . . . used in

erecting, altering, moving or repairing a house, building or appurtenances . . . by virtue of a contract with or by consent of the owner" in order "to secure payment thereof." 10 M.R.S. § 3251 (2007). "A lien is given upon the ground that the work has been a benefit to the realty, and has enhanced its value." *Combustion Engineering, Inc. v. Miller Hydro Group*, 577 A.2d 1186, 1188 (Me. 1990) (*quoting Bangor Roofing & Sheet Metal Co. v. Robbins Plumbing Co., Inc.*, 151 Me. 145, 148, 116 A.2d 664, 666 (1955)).

### a. Consent to Labor and Materials

In order for a subcontractor to assert a mechanics' lien against a property where no contract exists between the owner and the subcontractor, the "subcontractor must prove (1) knowledge on the part of the owner of the nature and extent of the work being performed on the premises, and (2) conduct on the part of the owner justifying the expectation and belief on the part of the subcontractor that the owner consented." *John W. Goodwin, Inc. v. Fox*, 1999 ME 33, ¶ 15, 725 A.2d 541, 543-44.

In this case, it is undisputed that no contract exists between Whorff and Atlas and thus Whorff must prove that Atlas had knowledge of the nature and extent of the work being done and displayed conduct conveying consent. Whether or not Atlas consented to the scope of the work being done is a genuine issue of material fact in dispute. Atlas asserts that the scope and cost of the work exceeded that agreed to in its contract with Breakwater. Moreover, Atlas asserts that it sought information regarding the scope of the Project, but that the information was not provided to them until discovery. Accordingly summary judgment should be denied to Whorff on Count I.

4

## III. Breach of Contract

Whorff brings a breach of contract claim against Breakwater for its failure to pay on the invoices under the October 2005 contracts. A material breach of contract occurs when a party to a contract fails to perform a "duty so material and important [to the contract] as to justify the injured party in regarding the whole transaction as at an end." *Jenkins, Inc. v. Walsh Brothers, Inc.*, 2001 ME 98, ¶ 13, 776 A.2d 1229, 1234. Breakwater asserts that it is not in breach because no monies are due until Whorff has satisfied its obligations under the contract, which Breakwater asserts, Whorff has not yet done. Whorff counters that billing is monthly under the contract and that, accordingly, Breakwater has breached the contract for failing to pay the monthly invoices. Alternatively, Breakwater asserts that Breakwater's obligation to Whorff is contingent upon Atlas honoring its contract with Breakwater. Whorff counters that no contingency clause exists in the contract and therefore the status of Atlas' payments to Breakwater are not relevant to Breakwater's obligations under its contract with Whorff.

When considering the language of a contract at summary judgment, contract language that is unambiguous, it is a "question of law for the court." *Gagne v. Stevens*, 1997 ME 88, ¶ 8, 696 A.2d 411, 414 (citations omitted). If "contract language is ambiguous or uncertain, . . . [it] is a question of fact to be determined by the fact finder." *Id.* In that case, extrinsic evidence is admissible to show what the parties intended. *Portland Valve, Inc. v. Rockwood Sys. Corp.*, 460 A.2d 1383, 1387 (Me. 1983). "Whether a material breach has occurred is a question of fact." *Jenkins, Inc.*, 2001 ME 98, ¶ 13, 776 A.2d at 1234.

In this case it is undisputed that a written contract was entered into between Whorff and Breakwater in October 2005. The contract has an

integration clause. The payment schedule in the contract reads: "Payment Schedule: Billed Monthly." There is no other provision in the contract for payment. Nor is there any contingency clause in the contract that payment to Whorff by Breakwater is conditioned upon payment to Breakwater by Atlas. This Court finds the contract's payment provision ambiguous and thus extrinsic evidence is admissible. To that end, Breakwater claims that there is a course of dealing between itself and Whorff allowing payment to Whorff contingent upon payments to Breakwater by Atlas. This fact is in dispute. Accordingly, summary judgment is not proper.

### IV.  Quantum Meruit and Unjust Enrichment

Whorff brings a claim against both Breakwater and Atlas under both the theories of quantum meruit and unjust enrichment. To pursue a claim under a theory of quantum meruit, a plaintiff "seeks recovery for services or materials provided under an implied contract." *Cummings v. Bean*, 2004 ME 93, ¶ 9, 853 A.2d 221, 224 (*quoting Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269, 271)). In contrast, an unjust enrichment claim stands where no contract exists and recovery is for the "value of benefits conferred on another." *Id.* Accordingly, the claims cannot co-exist. *Id.* ¶ 10, 708 A.2d at 224. Moreover, it is undisputed that written contracts exist between Whorff and Breakwater and thus neither a quantum meruit claim nor an unjust enrichment claim can be brought by Whorff against Breakwater. Summary judgment in favor of Breakwater on these two counts is appropriate.

The issue thus remains whether Whorff can bring a claim of quantum meruit or unjust enrichment against Atlas.

### a. Quantum Meruit

Whorff did not bring a count against Atlas for quantum meruit but does reference Atlas as a defendant in its claim for quantum meruit in its memorandum of law. Nor are there any facts asserting that an implied contract exists between Whorff and Atlas. Accordingly, because no claim was brought against Atlas for quantum meruit, the Court need not address the issue.

### b. Unjust Enrichment

As stated above, an unjust enrichment claim presumes no contract between the disputing parties. *See Cummings*, 2004 ME 93, ¶ 9, 853 A.2d a 224. In order to prevail on a claim for unjust enrichment, the "complaining party must:

> Establish that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstance as to make it inequitable for it to retain the benefit without payment of its value.

*Maine Eye Care Assoc's v. Gorman*, 2006 ME 15, ¶ 26, 890 A.2d 707, 712 (*quoting Tucci v. City o Biddeford*, 2005 ME 7, ¶ 14, 864 A.2d 185, 189)). Thus the moving party must prove that "a benefit was conferred." *Id.* ¶ 27, 890 A.2d at 712.

Atlas asserts that no benefit was conferred because it has already paid to Breakwater all amounts claimed by Whorff. Breakwater disputes that the amounts owed to Whorff as a subcontractor have been paid by Atlas to Breakwater. This material fact is in dispute and consequently summary judgment is not proper.

### V.    "Prompt Payment" Statute

Maine law "provides for penalties against owners or contractors who do not make payments to subcontractors in a timely fashion." *Jenkins, Inc.*, 2001 ME 98, ¶ 23, 776 A.2d at 1237 (*citing* 10 M.R.S.A. §§ 1111-1120). These penalties are

7

provided in addition to those available for breach of contract or quantum meruit claims and thus there is a higher burden of proof on the party seeking penalties. *Id.* ¶ 24, 776 A.2d at 1237. Accordingly, to prevail a "subcontractor must prove that:

> (1) the services were performed in accordance with the agreement or understanding of the parties; (2) the owner has made the progress or final payment; (3) the subcontractor has invoiced the work; and (4) the contractor failed to make payment within seven days after receipt of the invoice, or after receipt of the progress or final payment from the owner, whichever is later.

*Id.*

In this case the degree to which Whorff has satisfied its obligations under the contract is in dispute. Also in dispute is the status of Atlas' payments and obligations to Breakwater. Because material facts remain in dispute, summary judgment regarding additional penalties as provided under sections 1111-1120 is not proper.

## VI.    Atlas' Motion to Strike

Atlas moves to strike portions of the supplemental affidavit of Ginny Savage submitted by Whorff, alleging that it contains misrepresentations of facts. Motions to strike under Rule 56 are no longer valid. *See* M.R. Civ. P. 56(i). "If a party contends that the court should not consider a factual assertion, denial, or qualification, the party may set forth an objection in either its opposing statement or its reply statement. . . ." *Id.* That being said, only "such facts as would be admissible in evidence" will be considered at summary judgment. M.R. Civ. P. 56(e).

8

**Therefore, the entry is:**

Count I: Mechanics' Lien against Defendant Breakwater Design & Build, Inc. and Defendant Atlas Enterprises, LLC. Summary judgment on Count I is DENIED.

Count II: Summary judgment is DENIED to Plaintiff on Count II Breach of Contract.

Count III: Summary judgment is GRANTED in favor of Defendant Breakwater Design & Build, Inc. on Plaintiff's Quantum Meruit claim.

Count IV: Summary judgment is GRANTED in favor of Breakwater Design & Build, Inc. and Summary judgment is DENIED to Plaintiff in its claim against Defendant Atlas Enterprises, LLC for Unjust Enrichment.

Count V: Summary judgment is DENIED against Defendant Breakwater Design & Build, Inc. under 10 M.R.S.A. §§ 1111-1120, the Prompt Payment Statute.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _2 4th_ day of _March_ ,2008

Roland A. Cole
Justice, Superior Court

9

DAVID HERZER JR ESQ
PO BOX 4600
PORTLAND ME 04112

DONALD LAWSON STOPPS ESQ
280 FRONT STREET
BATH ME 04530

THOMAS WHEATLEY ESQ
109 MAIN STREET
BAR HARBOR ME 04609