STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND
DOCKET NO. BCD-CV-18-03✓

ARS ARCHITECTURE, PA,                    )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )        COMBINED ORDER ON DEFENDANT
                                         )        WINTER STREET, LLC'S &
WINTER STREET, LLC, et al.,              )        DEFENDANT JACOB DOWLING'S
                                         )        MOTIONS TO DISMISS
            Defendants.                  )

This matter comes before the Court on Defendant Winter Street, LLC's ("Winter Street")

and Jacob Dowling's ("Dowling") (collectively, "Defendants") motions to dismiss Plaintiff ARS

Architecture, PA's ("ARS") complaint pursuant to M.R. Civ. P. 12(b)(6) on the grounds that the

complaint fails to state a claim for which relief may be granted. ARS opposed the motions, and

Defendants timely replied. The Court heard oral argument on the motions on March 2, 2018. All

parties appeared through counsel and were heard.

## PROCEDURAL POSTURE AND FACTUAL BACKGROUND

This is a dispute over work that was allegedly done by ARS for the benefit of Defendants,

and for which ARS claims it has not been paid. ARS claims it is owed $7,410.00 for this work.

ARS filed its four-count Complaint on October 9, 2017, seeking recovery for breach of contract

(Count II), as well as equitable relief under a theory of quantum meruit (Count III) and unjust

enrichment (Count IV). ARS also seeks to recover under a purported mechanic's lien (Count I) on

the Defendants' premises. A copy of the mechanic's lien filed with the Knox County Registry of

1

Deeds (the "Mechanic's Lien") is attached to the Complaint as Exhibit A.[1]

Jacob Dowling is allegedly Winter Street's sole member. In its Complaint, ARS alleges that its contract for design and architectural services was with one or both Defendants, and that the work was done for the benefit of both. (Pl's Compl. ¶¶ 4, 6.)[2]

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## DISCUSSION

I.    ISSUES COMMON TO BOTH MOTIONS

### A. A Plaintiff May Allege the Existence of a Contract and Seek Recovery in Equity in the Same Pleading

Both Defendants have moved for dismissal of Count III (quantum meruit) and Count IV (unjust enrichment) on the theory that ARS "has pleaded itself out of court" as to these counts by alleging the existence of a binding contract in the same pleading. (Winter Street Mot. Dismiss 2, 9; Dowling Mot. Dismiss 12.) Defendants' theory is based on the rule that recovery for quantum meruit or unjust enrichment is limited to those situations in which "there is no contractual

---

[1] Because this document was attached to the pleading, the Court may consider it on this motion to dismiss without converting the motion to one for summary judgment. M.R. Civ. P. 10(c). *See also Moody v. State Liq. & Lott. Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

[2] The Court notes that there are two paragraphs numbered 4 in the Complaint. For the sake of simplicity, the Court simply treats both paragraphs as a single paragraph, numbered 4.

relationship." *Nadeau v. Pitman*, 1999 ME 104, ¶14, 731 A.2d 863. *See also June Roberts Agency, Inc. v. Venture Properties, Inc.*, 676 A.2d 46, 49 n. 1 (Me. 1996). Defendants cite to dicta from other jurisdictions for the proposition that this rule prohibits a plaintiff from seeking relief for breach of an alleged contract and equitable relief in the same pleading. *See Wilson v. O'Brien*, No. 07 C 3994, 2007 U.S. Dist. LEXIS 91555 (N.D. Ill. Dec. 13, 2007); *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Regardless of whether other jurisdictions have done away with pleading in the alternative, this is neither the law nor the practice in Maine. M.R. Civ. P. 9(e)(2). The *June Roberts Agency* Court clarified that although the existence of a contractual agreement "precludes *recovery* on a theory of unjust enrichment," a plaintiff "is not precluded from *pleading* both theories because a factfinder may find that no contract exists and may still award damages on the theory of unjust enrichment." *June Roberts Agency, Inc.*, 676 A.2d 46, 49 n. 1 (Me. 1996) (emphasis added).

The Court declines to deviate from this controlling authority. That ARS has alleged the existence of a binding agreement between itself and the Defendants does not foreclose its ability to pursue equitable relief. This argument is the sole ground on which Defendant Winter Street urges dismissal of Count III and Count IV. The Court thus DENIES Winter Street's motion to dismiss as to Count III and Count IV. Defendant Dowling moves for dismissal of these counts on grounds unique to him, as addressed in Part III.B. *infra* of this Order.

### B. The Court Declines to Consider the Affidavit of Virginia Walck and the Exhibits Attached Thereto on this Motion to Dismiss

The Defendants filed an affidavit with their motions to dismiss and attached an exhibit to that affidavit that consists of invoices[3] from ARS to Winter Street. The Court is generally prohibited from considering materials outside the pleadings on a motion to dismiss without

---

[3] The written memoranda refer to "invoices;" at oral argument the parties referred to the exhibit as a "cost summary."

3

converting the motion to one for summary judgment. *Moody v. State Liq. & Lott. Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43. A "narrow exception" to this rule "allows a court to consider official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Id.* ¶ 10.

The affidavit filed by Defendants does not fall into the narrow *Moody* exception. The affidavit, accredited to Virginia Walck, is not an official public document, central to ARS's claim, or referred to in the Complaint. The Court declines to treat the motion as one for summary judgment, and thus does not consider the affidavit or its attached exhibits in deciding these motions to dismiss.

### C. The Alleged Contract is not Subject to the Statute of Frauds

At oral argument, ARS confirmed that it is alleging that it had an oral contract with Defendants. ARS has apparently worked with Dowling and his businesses many times, and ARS alluded to a history of cooperation between the parties to explain why no written contract was executed. Both Defendants argue that ARS's alleged contract falls within Maine's statute of frauds and that therefore the absence of a signed writing memorializing the contract necessitates dismissal of Count II.

Defendants rely on 11 M.R.S.A. § 2-201, which states that "a contract for the *sale of goods* for the price of $500 or more is not enforceable . . . unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement it sought" (emphasis added). By its own terms, the statute is limited in scope to contracts for the sale of goods, as is the rest of Article 2 of the Uniform Commercial Code. *Id.*; 11 M.R.S.A. § 2-102. The alleged contract was for services. (Pl's Compl. ¶ 4.) The fact that some

goods may have changed hands incidental to the contract does not bring the contract within the ambit of 11 M.R.S. § 2-201 because the "predominant feature of the transaction" relates to services. *See Smith v. Urethane Installations, Inc.*, 492 A.2d 1266, 1268 (Me. 1985).

Defendants cite to no other provision of Maine's statute of frauds, and the Court here rules that 11 M.R.S.A. § 2-201 does not apply to this alleged contract. The lack of a signed writing is not fatal to ARS's breach of contract claim.

## II.     WINTER STREET'S MOTION TO DISMISS

### A.  **ARS Has Stated a Claim for Breach of Contract Against Winter Street**

Winter Street claims that "there is no written, enforceable contract concluded between ARS and Winter Street" and that therefore "Count I and Count II . . . must fail." (Winter Street Mot. Dismiss 7.) ARS alleges that the parties entered into a contract for ARS "to provide certain work . . . labor and related design and architectural services" to Winter Street, that Winter Street breached that contract by failing to pay ARS, and that ARS has suffered damages as a result. (Pl's Compl. ¶¶ 4-7, 17-19.)

The Court is required to take ARS's factual allegations as true when deciding a motion to dismiss, although it is under no such requirement to accept the complaint's legal conclusions. *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987). The issue before the Court on this motion is whether ARS has alleged facts which are sufficient to state a claim for breach of contract, not whether a contract concluded between ARS and Winter Street.

The Complaint alleges sufficient facts to state a claim for breach of contract. ARS alleges that it entered into an agreement with Winter Street through Dowling to provide services in return for payment, and that Winter Street has not paid as agreed. (Pl's Compl. ¶¶ 4-7, 17-19.) *See Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248 (breach of

5

contract elements). That is all that is required to survive a motion to dismiss.

As discussed above, the absence of a signed writing does not render the alleged contract unenforceable. *See* Part I.C. of this Order, *supra*. The Court therefore DENIES Winter Street's motion to dismiss as to Count II.

## B. Winter Street's Enforcement of Its Lien Claim is Timely as Alleged

Winter Street urges dismissal of Count I (lien claim) on the grounds that it was brought untimely. A contractor "has a lien [ ]on" the land or structures on which it has performed work from the moment the contractor's services are furnished. 10 M.R.S.A. § 3251. However, that lien is subject to dissolution if the contractor does not take specific notice and enforcement actions within the statutorily prescribed period. *See* 10 M.R.S.A. §§ 3253, 3255. The relevant period begins "after ceasing to labor, furnish materials or perform services," alternatively described as "after the last of the labor or services are performed or labor, materials or services are so furnished." 10 M.R.S. §§ 2353(1), 3255(1). A contractor must file her lien within 90 days—and must bring an enforcement action within 120 days—after the contractor has ceased work. *Id.*

Winter Street claims that the invoices attached to Virginia Walck's affidavit definitively establish that "the last date of labor, services or materials alleged to have been furnished was no later than April 24, 2017." (Winter Street Mot. Dismiss 6.) As discussed above the Court declines to consider the affidavit and attached exhibits to decide this motion. *See* Part I.B. of this Order, *supra*.

In its Complaint, ARS alleges that it "last provided services, ceased labor or furnished materials to the Defendants" on or about June 20, 2017. (Pl's Compl. ¶ 9.) The Court accepts this allegation as true for the purposes of deciding this motion. ARS recorded its mechanic's lien with the Knox County Registry of Deeds on September 8, 2017—80 days from the alleged date of last

service. ARS filed the instant action to enforce its lien on October 9, 2017—111 days from the alleged date of last service. ARS's lien claim, as alleged, is not untimely under the statute. *See* 10 M.R.S. §§ 2353(1), 3255(1).

Winter Street's remaining argument for dismissal of Count I is that it is predicated on ARS's breach of contract claim stated in Count II, and that that count must be dismissed for the reasons discussed above. Because the Court declines to dismiss Count II this ground is not viable. The Court therefore DENIES Winter Street's motion to dismiss as to Count I.

III.    DOWLING'S MOTION TO DISMISS

### A. Count I is Dismissed Against Dowling

ARS has conceded that its lien claim should be dismissed as to Dowling in his individual capacity. (Pl's Opp. Mot. Dismiss 7.) The Court therefore GRANTS Dowling's motion to dismiss as to Count I.

### B. ARS Has Stated a Claim Against Dowling in His Individual Capacity in Count II, Count III, and Count IV

Dowling echoes Winter Street's arguments for dismissal of the remaining Counts, but in the alternative argues that these Counts must be dismissed as to him personally because Dowling's involvement in this dispute was exclusively in his capacity as a member/ manager of Winter Street and not as an individual. (Dowling Mot. Dismiss 9, 12.)

A LLC is "an entity distinct from its members." 31 M.R.S. § 1504(1). A member of a LLC "is not liable, solely by reason of being a member" for a liability of the LLC. 31 M.R.S. § 1544. A person who is not a party to a contract cannot be held liable for breach of that contract. *Cty. Forest Prods. v. Green Mt. Agency, Inc.*, 2000 ME 161, ¶ 42, 758 A.2d 59 (citing *Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 299 (Me. 1988)). In order to recover in quantum meruit or unjust enrichment against a defendant, a plaintiff must prove that the defendant received a benefit from

7

the plaintiff. *See Smith v. Cannell*, 1999 ME 19, ¶ 12, 723 A.2d 876; *Cummings v. Bean*, 2004 ME 93, ¶ 9, 853 A.2d 221.

As to Count I, Dowling cites language from the Complaint and Mechanic's Lien that suggests ARS's alleged contract was with Winter Street, and that Dowling's involvement was only as member/manager of the LLC, and that he was not a party to the contract personally. (Pl's Complaint ¶¶ 4, 17; Ex. A. ¶ 2.) For Counts III and IV, Dowling points to similar language that suggests ARS's work was for the benefit of Winter Street, and not necessarily Dowling as an individual. (Pl's Complaint ¶ 5; Ex. A ¶¶ 4, 7.)

Elsewhere, the Complaint and the Mechanic's Lien allege that the Contract was with both Defendants and that both Defendants benefitted from ARS's work. (Pl's Complaint ¶¶ 6, 13, 21, 25; Ex. A. ¶ 5.) Dowling claims that this renders the Complaint inconsistent, with the upshot that the inconsistent allegations defeat essential elements of ARS's claims, *viz.* that Dowling was a party to the contract as an individual, and that Dowling as an individual received some benefit from ARS's labors. (Dowling Mot. Dismiss 9, 12.)

The Court disagrees. *See* M.R. Civ. P. 9(e)(2). ARS's allegations against Winter Street do not negate those allegations that are addressed to the Defendants more broadly. To the extent that there is any ambiguity regarding who benefitted from ARS's work or whether Dowling was personally a party to the contact, that ambiguity must be resolved in favor of the plaintiff on a motion to dismiss. *See Bonney,* 2011 ME 46, ¶ 16, 17 A.3d 123.

ARS has stated a claim against Dowling individually for breach of contract and equitable relief under a theory of quantum meruit or unjust enrichment. The Court therefore DENIES Dowling's motion to dismiss as to Count II, Count III, and Count IV.

## CONCLUSION

8

Based on the foregoing it is hereby ORDERED:

That Defendant Winter Street's motion to dismiss is DENIED.

That Defendant Dowling's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Dowling's motion is GRANTED as to Count I. Dowling's motion is DENIED as to Count II, Count III, and Count IV.

Defendants shall answer Plaintiff's complaint within 21 days. The matter will be set for an initial case management conference after that.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: 3/27/18

Richard Mulhern
Judge, Business and Consumer Court

9

ARS Architecture, P.A.

v.

Winter Street, LLC.,
and Jacob Dowling

**BCD-CV-2018-03**

**Plaintiff**

ARS Architecture, P.A.

Chad Cloutier, Esq.
and Nicholas Brown, Esq.
*18 Talbot Avenue*
*Rockland, ME 04841*

**Defendants**

Winter Street LLC.,
and Jacob Dowling

Daniel Murphy, Esq
*PO Box 9729*
*100 Middle St*
*Portland, ME 04104-5029*